**José Veiga LÓPEZ, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES of America, Respondent.**

**Civ. No. 74–160.**

United States District Court,
D. Puerto Rico.

July 9, 1974.

José Veiga López, plaintiff, pro se.

U. S. Atty., San Juan, P. R., for respondent.

**OPINION AND ORDER**

PESQUERA, District Judge.

The petitioner, José Veiga López, pleaded guilty in two criminal cases for which he was sentenced to six year term in each case to run concurrently. He has filed this habeas corpus petition requesting that he be credited for the time he spent free on bail from August 14, 1970 to May 21, 1971. The U. S. Magistrate filed his Report and Recommendation and petitioner filed his objection thereto. Finally, petitioner filed a petition for declaratory judgment. The case, therefore, stands to be decided on the issue hereinafter presented.

The petitioner prays that this Court apply the definition of custody as construed in Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), to the custody as applied in 18 U.S.C.A. § 3568.[1]

---

1. "§ 3568. Effective date of sentence; credit for time in custody prior to the imposition of sentence

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The

Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used "in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other

Section 3568, Title 18 U.S.C.A. was amended in 1966. (See note (1)). Under the previous version of the law, it was clear that only time spent in jail would be included under the term custody. In the legislative history of the 1960 amendment [2] the committee reporting on the bill stated:

"The primary purpose of the bill is to eliminate the disparity in sentences under certain statutes requiring mandatory terms of imprisonment. Under existing law a person charged with violating a statute requiring the imposition of a minimum mandatory sentence may not be credited with the *time spent in custody for want of bail while awaiting trial.* The result is that a sentencing court lacks authority to differentiate between the offender who has been free on bail before trial and one who has been in custody, because it is required to impose the same minimum mandatory sentence as to each." (Emphasis added)

When the 1966 amendments were passed, the statute was made to read as it presently does, see (1), supra.

As can be appreciated, the intent of Congress was not to have it mean something different to what it meant before, and that the term "for want of bail" which made the prior section clear, was eliminated in the present version apparently for being surplusage.[3]

■■ Therefore, based on the above mentioned, we deny the petition for habeas corpus since we cannot construe the word custody for Section 3568 purposes to include the period of time petitioner herein spent free on bail awaiting sentence for charges to which he pleaded guilty. Section 3568 of Title 18, U.S.C.A. has a different purpose than the writ of habeas corpus. In the former, we are confronted with a statute which grants credit towards the service of a prison sentence. Credit for time spent in custody or confinement prior to the imposition of sentence. The purpose of the habeas corpus, on the other hand, is to test the legality of restraint on a person's liberty. This not being the case at bar.

We now rule that the petition for declaratory judgment praying for a prompt determination on the petition for habeas corpus, must be denied as moot based on the Court's ruling on the same.

military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term."

2. 1960 United States Code Congressional and Administrative News, pages 3288–3289, House Report Number, at page 3289.

3. The section and analysis of the 1966 Act state as follows:

"Section 4 of the bill amends Section 3568 of Title 18 of the United States Code in order to provide credit for time spent in custody. Such a person shall receive credit toward service of a sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. This credit shall be given by the Attorney General. This language requires that credit be given for the time spent in custody in connection "with the charge or acts on which the person was arrested or on which he was sentenced. This will cover the situation where a person is arrested on a serious charge but convicted and sentenced later for a lesser offense. It would also include credit for time spent in state custody on a charge which subsequently evolves as a federal offense."