**Richard Brent HOGAN, Petitioner,**

v.

**UNITED STATES of America and Attorney General of the United States, Respondents.**

Civ. A. No. 74–1458.

United States District Court, D. South Carolina, Columbia Division.

Oct. 3, 1974.

---

Richard Brent Hogan, pro se.

John K. Grisso, U. S. Atty., for the D. of S. C., for respondents.

## ORDER

ON PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 AND FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1651.

HEMPHILL, District Judge.

This matter is before the court upon the motion pro se of petitioner, Richard Brent Hogan, a convicted bank robber, pursuant to the provisions of 28 U.S.C. § 2255, to credit petitioner with time he spent in custody since his sentence was imposed on June 1, 1970, and on a collateral motion, pursuant to the provisions of 28 U.S.C. § 1651, for a mandamus directing the Attorney General of the United States, through his appropriate agents, to credit petitioner with such time spent "in custody".[1]

## STATEMENT OF THE CASE

A warrant was issued by the United States District Court, Columbia, South Carolina, on or about January 31, 1969, for the petitioner's arrest and was served on July 15, 1969. To keep from being kept in close custody (jail) petitioner posted a surety bond in the amount of twenty-five thousand ($25,-000.00) dollars on July 24, 1969 and was released.

Petitioner was tried by a jury in the United States District Court in Columbia, South Carolina in May, 1970, and was convicted on two counts. On June 1, 1970, petitioner was sentenced to a term of four years "in the custody of the Attorney General" on one count. The second count was held in abeyance until September 11, 1970 at which time petitioner was sentenced on the second count to a term of five years to be served concurrently with the sentence imposed on June 1, 1970.

This court set an appeal bond for petitioner in the amount of ten thousand ($10,000.00) dollars and ordered that petitioner be restricted to Richmond County, Georgia, and informed petitioner that any violation of the terms of the bond set forth by the court would result in forfeiture of the bond and that "failure to appear" would in itself result in an additional charge against him under 18 U.S.C. § 3150.

Petitioner was released on his own recognizance on September 15, 1970, pending an appeal to the Fourth Circuit and the Supreme Court. Upon the unsuccessful termination of his appeal petitioner began serving his sentence on March 30, 1973 in the federal penitentiary at Atlanta, Georgia. Petitioner requests that the 2½ years spent while free on the appeal bond be credited toward his sentence.

1. 28 U.S.C. § 2241(c)(3). Power to grant writ.

The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in *custody* in violation of the Constitution or laws or treaties of the United States. (Emphasis added.)

## ISSUE

The question presented for decision is a narrow one, namely, whether the conditions imposed on petitioner as the price for his release constitute "custody" as that term is used in 18 U.S.C. § 3568,[2] requiring the Attorney General to give credit for time spent in custody in connection with the offense or acts for which sentence was imposed.

## ANALYSIS

The United States Supreme Court held in Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (April 18, 1973) that restraints imposed on a convicted and sentenced petitioner, who was released on his own recognizance, constitutes "custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2255. Petitioner would have this court apply the same interpretation of the words "in custody" to 18 U.S.C. § 3568.

This court is of the opinion that the Supreme Court in *Hensley* clearly limited its decision to the federal habeas corpus statute, 28 U.S.C. § 2255, by the following language:

> [W]e emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance. 411 U.S., at 353, 93 S.Ct., at 1575, 36 L.Ed.2d, at 301.

The opinion deliberately points out that habeas corpus is an extraordinary remedy of special urgency, implying that such interpretation is not to be given to all federal statutes. This exclusion would include 18 U.S.C. § 3568.

■■ A review of the case law interpreting 18 U.S.C. § 3568 convinces this court that as used in this statute, "days spent in custody" means days spent in *jail*.

Sica v. United States, 454 F.2d 281 (9th Cir. 1971) is directly in point. In that case, a federal prisoner accepted his release on bail pending appeal and, in effect, agreed to staying his sentence. This is the case here and the Ninth Circuit tersely said in its per curiam opinion: "There is no reason for treating time spent on bail as jail time." Id., at 282.

The court notes that the United States Marshal's records reflect that petitioner was in custody for a total of 39 days from arrest until he began to serve his sentence on March 30, 1973; July 15–24, 1969; March 23–25, May 12–22, June 1–4, and September 5–15, 1970. Petitioner should apply through the appropriate administrative channels to have such time credited toward his sentence, if such action has not already been taken.

It is ordered that the petitioner is allowed to proceed *in forma pauperis.*

It is further ordered that the petition is denied. The Clerk is directed to send copies of this order to the parties.

And it is so ordered.

---

2. 18 U.S.C. § 3568. Effective date of sentence; credit for time in custody *prior* to the imposition of sentence.

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. . . . (Emphasis added.)