Wesley Earl BEAVER,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 37540.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 12, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Nov. 12, 1976.

Application to Transfer Denied
Dec. 13, 1976.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant Wesley Earl Beaver entered a plea of guilty to the charge of burglary second degree. The court sentenced defendant to six years imprisonment and allowed credit for jail time from the date of arrest. Prior to his plea, defendant was free on bond for a period of time which is unclear from the record. During his imprisonment following judgment, defendant filed a petition for writ of habeas corpus for bail time, which was considered by the court as a motion to correct sentence pursuant to Rule 27.26, V.A.M.R. Said motion to correct sentence by crediting the time defendant was unconfined on bail as jail time was denied. Defendant appeals therefrom, and raises only one point on this appeal: he contends that the conditions of his bond restricted his freedom of movement so that he was "in custody" while on bail and, therefore, entitled to credit as jail time the time he was "out" on bail. Defendant sought to have his confinement reduced by the amount of time he was subject to the terms of his bail.

This court is limited, on appeal in post-conviction proceedings, to a determination of whether the findings, conclusions and judgment of the trial court were clearly erroneous. *Williams v. State,* 530 S.W.2d 740, 742 (Mo.App.1975); Rule 27.26(j), V.A. M.R. The trial court correctly found that a defendant on bail is not in custody, and that the law does not allow credit against a sentence for time on bail.

The only Missouri statute requiring credit against sentence for time served prior to conviction is Section 546.615, RSMo 1975 Supp.:

A person convicted of a felony in this state shall receive as credit toward serv-ice of the sentence imposed *all time spent by him in prison or jail or both awaiting trial* and pending transfer to the division of corrections. (Emphasis added).

This statute does not either explicitly or implicitly authorize credit for time spent free on bail. A defendant who is not confined "in prison or jail" does not fall within the ambit of this section.

Defendant mistakenly relies on a federal statute, 18 U.S.C. § 3568, which is substantially similar to the Missouri statute (546.-615) to support his contention. Cases interpreting the federal statute uniformly hold that no credit against sentence shall be given for bail time. *Ortega v. United States,* 510 F.2d 412 (10th Cir. 1975); *Polakoff v. United States,* 489 F.2d 727 (5th Cir. 1974); *United States v. Peterson,* 165 U.S. App.D.C. 368, 507 F.2d 1191 (1974); *Sica v. United States,* 454 F.2d 281 (9th Cir. 1971); *Hogan v. United States,* 383 F.Supp. 850 (D.S.Car.1974); *Lopez v. Attorney General of United States,* 377 F.Supp. 1351 (D.P.R. 1974).

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.