STATE of Missouri,
Plaintiff-Respondent,

v.

Gregory Edward CARR,
Defendant-Appellant.

No. 39028.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 9, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Charles H. Mostov, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Stanley Robinson, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Gregory Edward Carr appeals from the denial of his *pro se* petition for credit for bail time. The trial court apparently treated this petition as a motion to vacate judgment and sentence pursuant to Rule 27.26, V.A.M.R. and denied the motion without an evidentiary hearing. For reversal appellant argues that the trial court erred in denying his petition requesting credit for bond time because the conditions of the bond agreement sufficiently restricted his freedom of movement so as to re-

quire a reduction of his sentence by the amount of time he was subject to the terms of the bail bond. We disagree and accordingly affirm the judgment.

Briefly, the facts of the case are as follows. On March 9, 1975, appellant was arrested and charged with robbery in the first degree; he was released on bond on March 20, 1975. On January 5, 1976, appellant appeared with counsel and entered a plea of guilty. The trial court ordered a pre-sentencing investigation and deferred sentencing. In the meantime appellant was arrested and charged with burglary in the second degree on January 26, 1976. He was released on bond on February 11, 1976. On May 3, 1976, appellant was sentenced to eight (8) years imprisonment. On May 13, 1976, appellant entered a plea of guilty to the burglary charge and was sentenced to four (4) years imprisonment, said term to run concurrently with the eight (8) year sentence. Appellant was credited with jail time.

Thereafter appellant petitioned the trial court for allowance of bond time, approximately fourteen (14) months. The trial court denied the motion without an evidentiary hearing. This appeal followed.

The only question on appeal is whether appellant is entitled to credit toward his sentences for the time he was subject to the terms of the bail bond. The same issue was presented in *Beaver v. State*, 543 S.W.2d 787 (Mo.App.1976). In *Beaver*, supra, the defendant contended that ". . . the conditions of his bond restricted his freedom of movement so that he was 'in custody' while on bail, and therefore, entitled to credit as jail time the time he was 'out' on bail. . . ." *Id.* at 788. ". . . The trial court correctly found that a defendant on bail is not in custody, and that the law does not allow credit against a sentence for time on bail." *Id.*

We also note that § 546.615(1), RSMo Supp. 1975 (repealed by 1977 Mo. Laws 212, S.B. No. 60, § 1 enacting the Missouri Criminal Code, effective January 1, 1979), specifically allows credit only for time spent "in prison or jail both awaiting trial and pending transfer to the division of corrections." The statute does not refer to bail or bond time. Therefore, the trial court did not err in denying appellant credit against his sentence for the time he was out on bond.

We find the cases cited by appellant, *e. g., Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), distinguishable. Further discussion of this question is without precedential value. Rule 84.16, V.A.M.R.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.