In the Matter of the Application of a/k/a Robert THOMPSON, Gary Thompson, Petitioner,

v.

Mr. Joseph M. BROOKS, Regional Administrative Systems Manager, U. S. Department of Justice, Federal Prison System, Bureau of Prisons, Philadelphia Regional Office, Scott Plaza, 11–18th Floor, Philadelphia, Pa. 19113, Inter Alia and United States Attorney, Southern District Foley Square, Courthouse New York, New York 10007, Respondents.

No. 81 Civ. 1590.

United States District Court, S. D. New York.

March 27, 1981.

---

Robert Thompson a/k/a Gary Thompson pro se.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for respondents; Leslie R. Bennett, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Stated bluntly, petitioner seeks credit on his federal sentence for time when he was erroneously released on parole by state authorities, despite an outstanding detainer based on a six-year sentence imposed by this Court for violation of the federal drug laws. His application is denied.

On April 18, 1975, this Court sentenced petitioner to a six-year term of imprisonment on two counts to run concurrently, followed by a three-year special parole, for violations of 21 U.S.C. § 841(a)(1). Petitioner at that time was facing state criminal charges. Accordingly, upon application of petitioner's counsel, this Court recommended that the Federal Bureau of Prisons designate a state institution for the service of sentence, which was to run concurrently with any state sentence that might be imposed on the pending charges. The Federal Bureau of Prisons accepted the recommendation and designated a state custodian for service of the sentence. A copy of petitioner's judgment of conviction, which the New York State Department of Correctional Services treats as a detainer, was filed with the State authorities of the correctional institution where petitioner was based.

While petitioner was serving his federal sentence in the state institution, the state authorities on two separate occasions, without the knowledge or consent of the federal authorities and despite the existence in the files of the state prison of the federal judgment of conviction, released him to street parole. In each instance, parole was subsequently revoked for violation of parole terms. It was not until May 1980, after petitioner was returned as a parole violator for the second time, that the Federal Bureau of Prisons learned that petitioner twice had erroneously been released to the street by the New York State authorities instead of being held to serve the remainder of his federal term.

The Federal Bureau of Prisons, upon petitioner's initial commitment, had computed that his federal sentence would expire on March 8, 1981, with a possible release date of August 11, 1979 after application of statutory good time. Shortly after learning of petitioner's erroneous release by the state authorities, the Federal Bureau of Prisons recomputed his federal sentence to reflect as inoperative time the two periods during

which petitioner was released on parole: May 14, 1977 to March 27, 1978 and May 26, 1978 to November 22, 1979, a total of 864 days. The full term date of petitioner's sentence was changed from March 8, 1981 to July 21, 1983, with a possible release date of December 22, 1981 instead of August 11, 1979.

Petitioner contends that these recomputations should not have been made because he is entitled to credit on his federal sentence for the time he was released to the street on parole by the state authorities. He cites 18 U.S.C. § 3568 (1976) in support of this contention. Section 3568 provides in relevant part that

> The Attorney General shall give any [person convicted of an offense] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Petitioner argues that the restrictions imposed on him while he was on parole, namely that he report "weekly, bi-weekly and monthly" to the New York State Parole Board, constitute "custody" under § 3568 for which he should be given credit on his federal sentence.

■ Although restrictions such as these do constitute "custody" for the purpose of habeas corpus,[1] they are not "custody" under § 3568. "Custody" under § 3568 means days actually spent in prison,[2] and does not include time spent on parole.[3]

The legislative history of the 1966 amendment of this section bears out this conclusion. Prior to 1966, § 3568 provided for credit on a federal sentence only for "days spent in custody prior to the imposition of sentence by the sentencing court for want of bail ...."[4] The reference to "want of bail" makes clear that "custody" refers to imprisonment. When § 3568 was broadened as part of the Bail Reform Act of 1966 to require credit for "any days spent in custody,"[5] Congress gave no indication that a different meaning of "custody" was intended.[6]

■ Petitioner also appears to argue that the Federal Government, having designated the State institution as the place of confinement, is barred by the action taken by the State, even if erroneous or inadvertent—in short, that the Federal Government is foreclosed from recomputing his term based on his erroneous release. However, such waiver can be found only if the actions of the Federal authorities were so affirmatively wrong or their inaction was so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require petitioner to serve his sentence.[7] The Federal authorities' lack of knowledge concerning petitioner's erroneous release until May 1980 and their prompt action to recompute his sentence based on this error preclude finding such a waiver.

Accordingly, the petition is denied.

So ordered.

1. *See, e. g., Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973).

2. *See, e. g., Ortega v. United States,* 510 F.2d 412, 413 (10th Cir. 1975); *United States v. Hoskow,* 460 F.Supp. 929 (E.D.Mich.1978); *Hogan v. United States,* 383 F.Supp. 850, 852 (D.S.C.1974).

3. *Farley v. Nelson,* 469 F.Supp. 796 (D.Conn.), aff'd, 607 F.2d 995 (2d Cir. 1979).

4. 18 U.S.C. § 3568.

5. 18 U.S.C. § 3568 (1976).

6. *See* H.R.Rep.No.1541, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Ad.News 2293, 2295, 2306.

7. *Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir. 1973); *see Williams v. Department of Corrections,* 438 F.2d 78 (9th Cir. 1971); *United States v. Vann,* 207 F.Supp. 108 (E.D.N.Y. 1962).