**Lee George MASHEK, Appellant,**

v.

**STATE of Missouri, ex rel. Cranston**
**MITCHELL, Respondent.**

No. WD 53269.

Missouri Court of Appeals,
Western District.

Feb. 4, 1997.

Lee George Mashek, Fulton, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Stephen D. Hawke, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and ELLIS, JJ.

ULRICH, Chief Judge, Presiding Judge.

George M. Mashek was convicted of stealing, section 570.030, RSMo 1994, and was sentenced to ten years in the custody of the Missouri Department of Corrections. He appeals the dismissal of his declaratory judgment petition seeking credit towards completion of his sentence for time spent while on bail following conviction and pending appeal of the judgment of conviction. The order dismissing Mr. Mashek's declaratory judgment petition is affirmed.

## STATEMENT OF FACTS

George M. Mashek was sentenced to ten years in the Missouri Department of Corrections for class C felony stealing on October 21, 1993. On the same date, Mr. Mashek filed an appeal of the conviction, and on October 26, 1993, he posted an appeal bond and was admitted to bail. Mr. Mashek's conviction was affirmed on appeal on September 8, 1994. Mr. Mashek was arrested on October 6, 1994, and subsequently incarcerated. He filed a petition for declaratory judgment on January 29, 1996, requesting that judgment be entered crediting him for time he was admitted to bail pending appeal of his conviction. The trial court dismissed the petition upon the state's motion.

1. All citations are to RSMo Cum.Supp.1995 un-

## SUFFICIENCY OF TRIAL COURT'S ORDER

■ Mr. Mashek's sole complaint on appeal is that the circuit court's order granting the state's motion to dismiss his declaratory judgment petition did not sufficiently state the legal rights of the parties. The circuit court's order, while not citing explicitly the reasons for granting dismissal, did adopt the state's reasoning, stating that "for the reasons and on the authorities set forth in his motion to dismiss, it is hereby ordered that the motion to dismiss be granted, and the case be dismissed." The order of dismissal, when read in conjunction with the state's motion, sufficiently states the trial court's reasoning.

## TRIAL COURT DID NOT HAVE AUTHORITY TO CREDIT SENTENCE

Dismissal of Mr. Mashek's petition for declaratory judgment was proper for two reasons. First, Mr. Mashek did not state a claim for declaratory judgment. Instead, he asked the trial court to credit towards his sentence the time he was free on bail following conviction pending appeal.

■ As a matter of law, claims for credit for time served under section 558.031 [1] are not cognizable. Section 558.031 "contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government." *Murphy v. State*, 873 S.W.2d 231, 232 (Mo. banc 1994)(quoting *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 425 (Mo. banc 1992). A prisoner seeking credit towards service of his sentence must request credit from the executive branch's department of corrections. *Murphy*, 873 S.W.2d at 232. Administrative remedies and extraordinary writs are available to compel the executive branch to credit jail time under section 558.031 where mandated. *Id.* This is not to say, however, that a prisoner can not file a petition for declaratory judgment seeking a determination by a court that he is entitled to credit towards the completion of his sentence under section 558.031. Section 558.031 does not propose to

less otherwise indicated.

strip from a court its duty to declare the rights, status, or legal relations of parties. The statute does prohibit a court from calculating, recording, and crediting time served. Mr. Mashek requested the trial court to do just that in his petition for declaratory judgment, and the petition was properly dismissed.

## APPELLANT IS NOT ENTITLED TO CREDIT TOWARDS SENTENCE FOR TIME WHEN FREE ON BAIL

Even if Mr. Mashek had properly stated a claim for declaratory judgment, he would not have been entitled to credit for the time he was free on bail. Section 558.031 states in part:

1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:

   (1) Such credit shall only be applied once when sentences are consecutive;

   (2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

   (3) As provided in section 559.100, RSMo.

The statute requires that a person who is "in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense" be given credit for the time the person's freedom is denied against the sentence imposed. The statute does not require that the time a person is free on bail following conviction pending appeal be credited against the sentence imposed.

Judge Shangler, writing for this court in *Hart v. State*, 588 S.W.2d 226, 227 (Mo.App. 1979), stated,

A salient purpose of the enactment of § 546.615 [now § 558.031, RSMo] is to ensure that an indigent accused who awaits trial shall not serve a longer term for the same sentence than an accused able to meet bail to avoid confinement before trial and sentence. *Gregg v. Wyrick*, 449 F.Supp. 969, 971 (W.D.Mo.1978). Thus, the provisions of § 546.615 do not apply to credit sentence during the time the accused is free at bail.

*Id.* (citing *State v. Carr*, 567 S.W.2d 422, 423 (Mo.App.1978); *Beaver v. State*, 543 S.W.2d 787, 788 (Mo.App.1976)). *See also, State v. Leftridge*, 634 S.W.2d 233 (Mo.App.1982) (holding that while defendant was not in custody he was not entitled to credit against the sentence imposed for time on bail.)

Mr. Mashek is not entitled to credit for the time he was free from custody on bail. The trial court, therefore, as a matter of law, could not have ruled in favor of Mr. Mashek. The trial court did not commit error in dismissing Mr. Mashek's petition.

The order dismissing the petition is affirmed.

All concur.