Donald C. BANTLE, Appellant,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.

No. WD 68949.

Missouri Court of Appeals, Western District.

June 30, 2008.

Donald C. Bantle, Farmington, Appellant acting pro-se.

Stephen David Hawke, Jefferson City, for Respondent.

Before VICTOR C. HOWARD, Chief Judge, HAROLD L. LOWENSTEIN, Judge and JAMES SMART, Judge.

VICTOR C. HOWARD, Chief Judge.

Donald C. Bantle sought a declaratory judgment from the trial court to determine

whether the Missouri Board of Probation and Parole (the Board) had correctly calculated his prison term. Following a motion for judgment on the pleadings made by the Board, the trial court denied Bantle's petition for declaratory judgment and granted the motion for judgment on the pleadings. This appeal follows.

### Factual and Procedural Background

Bantle was sentenced for three felony counts as follows: six years for burglary in the second degree (Count I), six years for tampering in the first degree (Count II), and five years for possession of burglary tools (Count III). The sentences were to run consecutively.

In accordance with section 558.011.4,[1] each of these sentences was calculated to include a "prison term" and a "conditional release term." For Count I and Count II, there was a prison term of four years and a conditional release term of two years. For Count III, there was a prison term of 40 months and a conditional release term of 20 months.

In order for the sentences to run consecutively, Bantle is to serve all of his "prison" terms consecutively to be followed by the consecutive running of the "conditional release" terms. Bantle alleges that this requires him to serve his sentence in installments which violates a previous Missouri Supreme Court holding.

The trial court held that the Board's practice avoids "the Department of Corrections having to place an individual on conditional release with the hope that the offender would return to the Department at the conclusion of the first conditional release term to begin serving the prison term of the consecutive sentence." In holding that it was permissible for the Board to do so, the trial court reasoned

that although Bantle "seems to complain that this action requires him to serve his sentence in 'installments,' but in reality, it allows petitioner to serve the entirety of his prison terms before beginning to serve the conditional release portion of his sentences." This appeal follows.

### Standard of Review

Our review of an appeal from the grant of a motion for summary judgment is essentially *de novo*. We view the record in the light most favorable to the party against whom judgment was entered and accord the non-moving party the benefit of all reasonable inferences. The entry of summary judgment is appropriate when the moving party establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. A defending party may establish its right to summary judgment against a pending claim by demonstrating facts that negate any elements of the plaintiff's case. The plaintiff can defeat the motion only by demonstrating a genuine dispute of material fact regarding one or more of the material facts relied upon by the defendant. *Johnson v. Mo. Bd. of Prob. & Parole,* 92 S.W.3d 107, 111–12 (Mo.App. W.D.2002) (internal citation omitted).

### Discussion

Bantle alleges that by forcing him to serve all of his "prison" terms first and then serve his "conditional release" terms that the Board is requiring him to impermissibly serve his prison term in "installments." Bantle alleges that this violates the holding in *Jackson v. Kaiser,* 353 Mo. 919, 185 S.W.2d 784 (1945).

In *Jackson,* the Missouri Supreme Court held that a prisoner could not "be compelled to serve his sentence in install-

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

ments." *Id.* at 787. In *Jackson*, the defendant had been found guilty in state court and sentenced. *Id.* at 785. He was then transferred to the federal court for trial and sentencing. *Id.* Upon the completion of his federal sentence, he was turned over to the state to serve his state sentence. *Id.* at 785–86. He argued that the time served in the federal prison should count toward his state sentence because upon conviction in the state court his state sentence began to run. *Id.* at 787. The court did not agree and found that since he was under the custody of both the state and the federal courts when he was sentenced, his state sentence did not begin to run until the completion of the federal sentence. *Id.* at 788.

Just like the court in *Jackson*, we do not find that Bantle is in fact being forced to serve his sentence in installments.[2] Like the trial court, we hold that having Bantle serve his "prison" terms consecutively followed by his "conditional release" terms does not constitute him serving his sentences in installments.

The judgment of the trial court is affirmed.

All concur.

---

**2.** An example of being forced to serve a term in installments can be found in *White v. Pearlman*, 42 F.2d 788 (10th Cir.1930), which was cited by the court in *Jackson*. In *White*, the prisoner was mistakenly released early. *Id.* at 789. He attempted to correct the situation, but he was sent home where he remained until more than two years later he was told that he was wanted. *Id.* Under these unique facts, the court held:

> A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in install-

ments. Certainly a prisoner should have his chance to re-establish himself and live down his past. Yet, under the strict rule contended for by the warden, a prisoner sentenced to five years might be released in a year; picked up a year later to serve three months, and so on ad libitum, with the result that he is left without even a hope of beating his way back. It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty.

*Id.*