**Woodrow ANDERSON, Appellant,**

v.

**Larry CRAWFORD, Respondent.**

**No. WD 70300.**

Missouri Court of Appeals,
Western District.

May 11, 2010.

---

Woodrow Anders, pro se.

Stephen D. Hawke, Esq., Jefferson City, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., and JAMES M. SMART and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Woodrow Anderson appeals the grant of judgment on the pleadings in favor of the Department of Corrections in his declaratory judgment action, which seeks credit for time served on the twenty-year concurrent sentences for which he is presently incarcerated. Because we conclude that Anderson's claims raise factual issues that cannot be resolved solely on the basis of the pleadings, the judgment is reversed and the case remanded for further proceedings.

## Factual Background[1]

In October 1995, Anderson was on parole from a twelve-year sentence for a robbery conviction (the "first conviction") when he was arrested and charged with one count of robbery in the first degree and armed criminal action. Based on his arrest on the new charges, Anderson's parole was revoked on the first conviction, and he was returned to the custody of the Department of Corrections.

After the revocation of his parole on the first conviction, Anderson was found guilty of the new charges of robbery and armed criminal action in August 1996 (his "second conviction"). He was sentenced as a prior and persistent offender to twenty years'

---

1. Because Anderson appeals from the grant of judgment on the pleadings, the facts set forth below are derived from his petition, and, for the purposes of our review, are assumed to be true. Nothing in this opinion should be read to limit the trial court's fact-finding on remand.

imprisonment on each count, with the sentences to be served concurrently to each other, and concurrently to his sentence on the first conviction. Anderson's petition alleges that "[o]n September 3, 1996, plaintiff was returned to the Missouri Department of Corrections, as ordered to serve his concurrent sentences."

Anderson appealed the second conviction to the Southern District of this Court. According to his petition:

> On May 5, 1997, while serving his conviction—concurrent sentences, plaintiff's family posted Appeal Bond on the [second] conviction, not knowing that plaintiff could not post bond after parole revocation. [See Exhibit "B"]. Therefore, plaintiff [WAS NOT] released from prison on the Appeal Bond, but continued serving time in prison.[2]

On October 27, 1997, the Southern District affirmed Anderson's second conviction in *State v. Anderson*, 953 S.W.2d 646 (Mo. App. S.D.1997).

Anderson was released by the Department on April 18, 1998. His petition alleges that he was released on a "Director's Release" because he had completed serving the sentence on his *first* conviction, and despite the fact that he remained subject to the twenty-year sentences on his *second* conviction. Anderson's petition alleges that, at the time of his release, he was unaware of the Southern District's affirmance of his second conviction. Further, he alleges that "[a]fter being released, month after month, for almost two years, plaintiff would check with the Mississippi County Sheriff Department to see if they had heard anything concerning his appeal" of the second conviction.

Anderson remained at large for almost two years, until April 4, 2000, when an arrest warrant was issued by the Southern District (2 1/2 years after the affirmance of Anderson's second conviction). Anderson alleges that he was arrested at his home the same day. He was returned to the custody of the Department on April 21, 2000.

Following his return to the Department's custody, Anderson received a "face sheet" from the Department indicating that, in calculating the time Anderson had served on his sentences on the second conviction, the Department excluded the entire period from May 2, 1997 (roughly the date on which the appeal bond was posted) through April 21, 2000 (the date on which Anderson alleges he was returned to the Department's custody). The copy of the face sheet attached to Anderson's petition contains the following handwritten note: "Once you make Bond on a sentence, it is considered stopped, even though you are held in prison on other charges."

Anderson filed the current lawsuit on September 24, 2007, after exhausting his administrative remedies, to challenge the Department's exclusion of the period from May 2, 1997 through April 21, 2000, a total of 1,082 days, in calculating his time served on the second conviction. The Department answered, and subsequently filed a motion for judgment on the pleadings. The trial court granted the Department's Motion and entered judgment on the pleadings in its favor. Citing § 558.031.1 and *Mashek v. Mitchell*, 940 S.W.2d 1 (Mo. App. W.D.1997), the trial court reasoned that, "[b]ecause [Anderson] was on appeal

2. The copy of the appeal bond attached to Anderson's petition appears to have been signed by Anderson. Although Anderson's signature was apparently executed during his incarceration, it is attested by a *Texas* notary.

The document is not file-stamped. Obviously, any issues concerning the circumstances of this appeal bond can be developed, as necessary, on remand.

bond status for his two [twenty-]year sentences between May 5, 1997 and April 21, 2000, he is not entitled to jail time credit towards service[ ] of the twenty year sentence[s]." Although the court recognized that Anderson remained incarcerated "because he was serving an unrelated sentence" during at least a portion of the period at issue, it nevertheless concluded that, "for the current sentences, petitioner was on appeal bond."

Anderson appeals.

## Standard of Review

■ "The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law."

When reviewing a judgment on the pleadings for a defendant, we accept as true all facts alleged in the plaintiff's petition.... The pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader....

A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. In other words, a judgment on the pleadings will be affirmed "only where under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced."

*Armstrong v. Cape Girardeau Physician Assocs.*, 49 S.W.3d 821, 824 (Mo.App. E.D. 2001) (citations omitted).

## Analysis

■ Anderson's claims on appeal divide the 1,082 days for which he was denied credit into two separate periods:

(1) from the inception of the appeal bond (alleged to be May 5, 1997) up to the date of his release on April 18, 1998, following the completion of his sentence on the first conviction (which we denominate "Period 1"); and

(2) the period during which he was released, April 18, 1998, to April 21, 2000 ("Period 2").[3]

We likewise consider these two time periods separately in the Analysis which follows.[4]

### I.

We first examine Anderson's right to credit for the time in Period 1. Section 558.031.1, RSMo 2000, provides in relevant part that "[a] sentence of imprisonment

---

3. Based on the allegations of Anderson's petition, it may be that he could make separate, minor challenges to the beginning and ending dates for the "exclusion period" employed by the Department. Thus, the Department began the period for which Anderson was denied time-served credit on May 2, 1997, although Anderson alleges in his petition that the appeal bond was not posted until May 5, 1997. Further, the Department denied Anderson credit through April 21, 2000, even though Anderson's petition alleges that he was re-arrested for his second conviction on

April 4, 2000, and then remanded to the Department's custody on April 21.

4. The State does not dispute that this declaratory judgment action is the appropriate mechanism for Anderson to obtain judicial review of the Department's calculation of the time he has served toward his sentences. *See Stinson v. Sharp*, 80 S.W.3d 852, 854 (Mo.App. S.D. 2002); *Bates v. Mo. Dep't of Corr.*, 986 S.W.2d 486, 488–89 (Mo.App. W.D.1999); *Mashek v. State ex rel. Mitchell*, 940 S.W.2d 1, 2–3 (Mo. App. W.D.1997).

shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced." Based on the allegations of Anderson's petition, he was returned to the custody of the Department following sentencing on the second conviction on September 3, 1996, and began serving his new sentences at that time. Under the quoted language of § 558.031.1, the time Anderson served in prison after that date would normally be applied against his sentences on the second conviction, day-for-day.

Citing *Mashek v. State ex rel. Mitchell,* 940 S.W.2d 1 (Mo.App. W.D.1997), the State argues that "[n]othing in [§ 558.031.1] authorizes the Department of Corrections to award an offender credit for time spent on an appeal bond." But *Mashek* does not hold that "time *spent* on an appeal bond" is excluded from time served; instead, *Mashek* holds that "[t]he statute does not require that the time a person is *free on bail* following a conviction pending appeal be credited against the sentence imposed." *Id.* at 3 (emphasis added). Or, as stated in another case, "*[a] defendant who is on bond is not in jail or custody,* and the law does not allow credit against a sentence for time spent *free on bail.*" *Bates v. Mo. Dep't of Corr.,* 986 S.W.2d 486, 489 (Mo.App..W.D.1999) (emphasis added); *see also State v. Williams,* 978 S.W.2d 454, 460 (Mo.App. E.D.1998) ("the defendant is not entitled to credit for time while *free from custody on bail*" (emphasis added)).

Here, according to Anderson's petition he was not, during Period 1, "free on bail." Rather, Anderson's petition alleges that he remained incarcerated despite his family's mistaken posting of the appeal bond, through the affirmance of his conviction by the Southern District. Moreover, if a defendant "on bond" is one who is "not in jail or custody," *Bates,* 986 S.W.2d at 489, Anderson once again fails to qualify. From all that appears, the conditions of Anderson's confinement were not affected in any way by the filing of the appeal bond. In these circumstances, we cannot agree with the trial court that the mere posting of the appeal bond "freed" Anderson from his sentences on the second conviction to such a degree that he can be held to have forfeited his right to credit for the time he served during Period 1.

◼ Indeed, given that Anderson was subject to incarceration based on the revocation of his parole on his first conviction at the time the appeal bond was apparently posted, we question whether he was even eligible for an appeal bond on the second conviction. Supreme Court Rule 30.16 provides that an appeal bond may be established "[i]f a convicted defendant is entitled to a conditional release pending an appeal." But a convicted defendant who is subject to incarceration for other, final convictions is *not* "entitled to a conditional release pending an appeal." *See State ex rel. Mack v. Purkett,* 825 S.W.2d 851, 853 (Mo. banc 1992) (entertaining challenge by habeas corpus to parole revocation even though petitioner presently incarcerated on a separate conviction which was pending on appeal; noting that, "*[b]ut for the parole revocation,* petitioner would be entitled to conditional release" on the other conviction on an appeal bond (emphasis added)); *Belton v. Moore,* 112 S.W.3d 1, 4 (Mo.App. W.D.2003) (noting that defendant serving a sentence based on a separate, prior criminal conviction not eligible for bail pending trial and sentencing on new charge).

For these reasons, we conclude that the simple fact that an appeal bond was posted for Anderson's second conviction does not disqualify him from seeking credit for the

time during which he remained incarcerated from May 5, 1997, through April 18, 1998. The circuit court's dismissal of this claim must be reversed, and remanded for further proceedings.

## II.

The fact that Anderson's pleading states a claim for credit for time served for Period 1, a period of almost one year, requires that we reverse the trial court's judgment. While what we have said to this point mandates reversal, we offer the following discussion of Anderson's potential entitlement to credit for the time in Period 2, to guide the further proceedings which will occur on remand.

The Department asserts that Anderson was released on the appeal bond in April 1998, and that time credit for Period 2 is therefore unavailable. Based on the allegations of Anderson's petition, however, his release in April 1998 cannot be justified by the previous posting of an appeal bond in May 1997, because the appellate proceedings concerning Anderson's second conviction concluded months prior to his April 1998 release. As the name implies, an appeal bond is only available to a defendant *during the pendency of an appeal.* *See Application of Holt,* 518 S.W.2d 451, 453 (Mo.App.1975) ("In the absence of a valid[, pending] appeal, Petitioner has no claim to release on an appeal bond."; holding that petitioner had no right to appeal bond where, despite filing of notice of appeal from criminal conviction, petitioner had failed to timely pay docketing fee or secure order granting him right to proceed *in forma pauperis* ). This is the plain implication of Supreme Court Rule 33.01(a), which provides:

Any person convicted of an offense entitled to be released upon appeal shall be released upon appeal until adoption by the court of an opinion affirming the judgment of conviction. The affirming court may, by special order, permit the defendant to remain on bond after affirmance pending determination of after-affirmance motions or applications.

By providing that a convicted defendant's right to release pending appeal continues only "until the adoption by the court of an opinion affirming the judgment of conviction," and by specifying that the court may "by special order" permit a defendant to remain on bond pending the resolution of any post-decision motions, Rule 33.01(a) prevents an appeal bond from continuing indefinitely following the affirmance of a criminal conviction and conclusion of appellate proceedings.

We are thus left with what appears to be—according to Anderson's pleading—an erroneous decision by the Department of Corrections to release him. We do not definitively address Anderson's entitlement to credit for Period 2, pending further factual development as to the circumstances of his release and subsequent re-arrest. However, we note that Missouri decisions recognize the possibility that an inmate who is free from fault may be entitled to credit for time he is at liberty following his erroneous release during the service of a criminal sentence. Thus, in *Jackson v. Kaiser,* 353 Mo. 919, 185 S.W.2d 784 (1945), the Supreme Court noted that an inmate generally has a right to serve his term of imprisonment continuously:

We agree with the petitioner that he cannot be compelled to serve his sentence in installments. "A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments."

*Id.* at 787 (quoting *White v. Pearlman,* 42 F.2d 788, 789 (10th Cir.1930)). More recently, we explained that the Tenth Circuit decision cited in *Jackson* recognized an inmate's entitlement to credit for time at liberty, where the inmate was erroneously released during the service of his sentence through no fault of his own:

> An example of being forced to serve a term in installments can be found in *White v. Pearlman,* 42 F.2d 788 (10th Cir.1930), which was cited by the court in *Jackson.* In *White,* the prisoner was mistakenly released early. *Id.* at 789. He attempted to correct the situation, but he was sent home where he remained until more than two years later he was told that he was wanted. *Id.* Under these unique facts, the court held:
>
> > "A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments. Certainly a prisoner should have his chance to re-establish himself and live down his past. Yet, under the strict rule contended for by the warden, a prisoner sentenced to five years might be released in a year; picked up a year later to serve three months, and so on ad libitum, with the result that he is left without even a hope of beating his way back. It is our conclusion

that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty." *Id.*

*Bantle v. Mo. Bd. of Prob. & Parole,* 256 S.W.3d 205, 207 n. 2 (Mo.App. W.D.2008).

Here, Anderson's petition alleges that he did not know at the time of his release that his second conviction had been affirmed, and made periodic inquiries of law enforcement officials as to the status of his appeal. From all that appears on the limited record before us, it may be that Anderson was not culpable in connection with his (apparently erroneous) release, and that the State bears sole responsibility for his temporary freedom. In these circumstances, we cannot say that " 'under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced.' " *Armstrong,* 49 S.W.3d at 824 (citation omitted).[5]

## Conclusion

The circuit court's entry of judgment on the pleadings in the Department's favor is reversed, and the case remanded for further proceedings consistent with this opinion. As stated at the outset, *see supra* note 1, nothing in this opinion should be read to pre-determine the facts as they may actually exist; finding the facts is a

---

5. We recognize that decisions of federal courts and the courts of other states apply the "equitable doctrine" recognized in *Jackson* and *Bantle* in various ways. For example, decisions in different jurisdictions apparently take differing approaches to the question whether an inmate's knowledge that his release is erroneous, standing alone, disqualifies him from receiving credit for time at liberty. *See* discussion in *Anderson v. Houston,* 274 Neb. 916, 744 N.W.2d 410, 420–23 (2008). Those decisions may also differ as to whether an inmate must undertake efforts to notify authorities of his erroneous release, and, if so, what efforts are required. *See id.; Anderson v. Houston,* 277 Neb. 907, 766 N.W.2d 94, 101 (2009) (decision on appeal after remand). Because we are reviewing the trial court's entry of judgment on the pleadings, and given that the case must be remanded for further proceedings regardless of Anderson's right to credit for the time in Period 2, we defer further discussion of these issues until a more fully developed factual record is presented.

task better left to the trial court on remand. Obviously, Anderson's right to any or all of the relief he seeks will depend on the facts as found by the circuit court on remand, and we express no view on the ultimate merits of Anderson's claims at this time.

All concur.