**Michael G. HEITMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32267.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Peter N. Sterling, Platte City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

CLARK, Judge.

In this proceeding under Rule 27.26, Michael G. Heitman moved to correct, by credits for time served, a sentence of five years imposed after his plea of guilty to a charge of sale of a controlled substance. He now appeals from the order of the trial court granting in part and denying in part the credits claimed.

The chronology of this case begins December 10, 1976, when Heitman was jailed and charged with the drug related offense. Three days later, he was released on a secured bond which included the condition that he observe a 10:00 P.M. curfew. The curfew condition was violated by Heitman in January 1977, and he was rearrested. When again released, the condition of Heitman's bond was enlarged to restrict him to his residence between the hours of 10:00 P.M. and 6:00 A.M. and to require that he report to the sheriff nightly at 10:00 P.M. to confirm his presence at home.

The record thereafter does not indicate the exact date when Heitman was again found to have violated the conditions of his release, but his presence in the state of Oklahoma is confirmed by the event of his arrest there on a charge of second degree burglary. Heitman was in custody in Oklahoma under a capias warrant from Missouri until he was returned on waiver of extradition August 27, 1977. Between that date and October 3, 1977, when his plea in this case was received and sentence was imposed, he was in custody in Missouri.

By its ruling on Heitman's motion, the trial court found additional credits to be due on the sentence and allowed three days for the period immediately following Heitman's first arrest and 40 days for time under detention in Oklahoma awaiting extradition to Missouri. The computation of time credited for actual custodial detention is not disputed. The controverted claim here is that made below and denied, a credit against the sentence for 217 days while Heitman was at liberty under bond with the curfew and reporting restrictions.

Heitman contends that the bond release conditions which restricted him to his home during nighttime hours and required daily telephone reporting to the sheriff amounted to such serious curtailment of freedom of movement and personal liberty that he endured the substantial equivalent of jail and his sentence should have been credited accordingly. He cites *Hart v. State*, 588 S.W.2d 226 (Mo.App.1979) in support of his contention.

In *Hart*, the defendant claimed credit for time spent in a locked hospital ward to which he had been ordered delivered for inquiry as to his mental state and from which he was to be released only as ordered by the court. While *Hart* ruled no final disposition of the case, leaving open to the defendant an opportunity to renew his claim by a motion in proper form, the opinion commented upon entitlement of a defendant to sentence credit, irrespective of the place of detention, if the nature of confinement equates with time spent in prison or jail. (§ 546.615.1, RSMo Supp. 1975, now 558.031, RSMo 1978.)

*Hart* is not authoritative in the case at hand on two accounts. First, because Hart had not proceeded on his claim in the appropriate form for post-conviction relief, the opinion affirmed the summary dismissal entered by the trial court and, thus, no record was made upon which the operative facts could be presented for review. There was no justiciable issue in the case ripe for any pronouncement as to what conditions, apart from actual confinement in prison or jail, entitle an accused to credit against a sentence later imposed. Second, even if the bare allegations of Hart's motion be assumed, there is no analogy to the conditions of Heitman's release. Hart was confined to a hospital ward where his movement and activity were under 24-hour constraint, a situation bearing no resemblance to the minimal restriction that Heitman be "off the streets" during the customary hours of nighttime rest.

Prior Missouri authority has rejected the argument that conditions of a bail bond operate to restrict freedom of movement and therefore entitle a defendant to credit against a sentence later imposed. *State v. Carr*, 567 S.W.2d 422 (Mo.App.1978); *Beaver v. State*, 543 S.W.2d 787 (Mo.App.1976). Of necessity, a defendant released on bail is always responsive to appearance requirements and must order his affairs in accordance with the progress of his case. Bail therefore assumes a conditional release tailored in terms to the nature of the offense and the identity of the accused. It is unnecessary here to hypothesize conditions imposed under the guise of bail, but tantamount to actual confinement entitling the accused to sentence credit. The requirement that Heitman remain at home during the night and confirm his presence by telephone amounted to no restriction of that dimension and the trial court correctly denied credit for the time Heitman was at liberty on bond.

The judgment is affirmed.

All concur.