**John E. BELTON, Appellant Pro Se,**

v.

**Steven E. MOORE, et al., Respondents.**

**No. WD 61488.**

Missouri Court of Appeals,
Western District.

March 25, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 2003.

Application for Transfer Denied
Aug. 26, 2003.

John E. Belton, Jefferson City, pro se.

Stephen D. Hawke, Jefferson City, for respondents.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. John E. Belton appeals from the trial court's judgment declaring his entitlement to credit for jail time served. Mr. Belton is currently serving concurrent ten-year sentences in the Missouri Department of Corrections for one count of possessing a controlled substance (drug possession) in violation of section 195.202,[1] and one count of manufacturing a controlled substance (drug manufacturing) in violation of section 195.211.[2] For the reasons explained in the opinion, we affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Authorities in Callaway County arrested Mr. Belton for drug possession on July 25, 1996. On May 13, 1997, Mr. Belton pled guilty to this charge in Callaway County Circuit Court. On July 14, 1997, the Callaway County Circuit Court sentenced him to ten-years' imprisonment in the custody of the Department of Corrections. He began serving this sentence on July 18, 1997.

While Mr. Belton was free on bond and awaiting sentencing on the drug possession offense, authorities in Callaway County arrested him for drug manufacturing on June 20, 1997. Mr. Belton remained in jail on a detainer following that arrest. After Mr. Belton obtained a change of venue, a Boone County jury convicted him of drug manufacturing on August 27, 1998. The Boone County Circuit Court sentenced him to ten years' imprisonment for this offense, to run concurrently with the sentence for drug possession in Callaway County, and "with credit from June 20, 1997, for all jail and/or prison time." He began serving his sentence for drug manufacturing on October 19, 1998.

When the Department of Corrections refused to credit Mr. Belton for all of the time that he requested, he filed a petition for declaratory judgment in the circuit court. In his petition, Mr. Belton asked the circuit court to declare that he was entitled to credit for the time that he served in the county jail between his arrest on June 20, 1997, and the commencement of his drug manufacturing sentence on October 19, 1998. Mr. Belton reasoned that he was entitled to such credit under section 558.031 [3] because all of the time served between those dates was related to his second offense for drug manufacturing.

1. RSMo.1994.

2. RSMo.1994.

3. RSMo. Supp.1995 and Cum.Supp.1997. The General Assembly amended section 558.031 in 1995. That amendment was effective at the time that Mr. Belton committed his offense and governs his request for jail time credit here. *See Prapotnik v. Crowe,* 55 S.W.3d 914 (Mo.App. W.D.2001). Unless otherwise indicated, all references to section 558.031 in this opinion refer to RSMo. Cum. Supp.1997.

In its judgment, the circuit court declared that Mr. Belton was entitled to credit for twenty-five days served between June 20, 1997, and July 14, 1997. But the court declared that Mr. Belton was not entitled to any credit for the time served between July 14, 1997, and October 19, 1998, because Mr. Belton was already serving his sentence for drug possession during that time.

Mr. Belton raises three points on appeal. In his first point, Mr. Belton contends that he is entitled to credit for all of the time served between his arrest for drug manufacturing on June 20, 1997, and his imprisonment for that offense on October 19, 1998, because all of the time served was related to the detainer on the drug manufacturing offense. In his second point, Mr. Belton contends that the circuit court lacked the power to deny him all of the credit that he requested because the denial of such credit amended his sentence and effectively re-sentenced him when he was not present in court. In his final point, Mr. Belton contends that the circuit court erred in failing to allow him to proceed as an indigent person for purposes of bringing his declaratory judgment action and maintaining this appeal.

## II. STANDARD OF REVIEW

We will affirm the circuit court's declaratory judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Bates v. Mo. Dep't of Corr.*, 986 S.W.2d 486, 488 (Mo.App. W.D.1999).

## III. LEGAL ANALYSIS

### A. Mr. Belton is not Entitled to Credit for Time Spent Serving His Sentence for Drug Possession

Mr. Belton contends that section 558.031 entitles him to credit for the time that he spent in custody between his June 20, 1997, arrest for drug manufacturing and his October, 19, 1998, sentencing for that offense. Section 558.031 governs jail time credit. In pertinent part it states:

A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense. . . .

§ 558.031.1

We agree with Mr. Belton that the time he spent in custody between June 20, 1997, and July 18, 1997, was "related to" the drug manufacturing charge and that he has a right to credit for the time served. During that time, Mr. Belton's detention undoubtedly was "related to" the drug manufacturing offense because the police arrested him for drug manufacturing on June 20 and thereafter detained him in custody pending trial on that offense. He would not have been in jail otherwise during that time because his sentence on the drug possession offense did not commence until July 18, when he was received into custody by the Department of Corrections to begin serving his sentence for that offense. The circuit court incorrectly declared that he was only entitled to credit for time served between June 20, 1997, and July 14, 1997. Because his sentence for drug possession did not commence until July 18, 1997, he is entitled to credit up to that date under section 558.031.

However, we disagree with Mr. Belton that the time he spent in custody

between July 18, 1997, and October, 19, 1998, was "related to" the drug manufacturing offense. That period of time was related not to the drug manufacturing offense, but to the drug possession offense. Accordingly, Mr. Belton has no right to credit for the time that he spent in custody serving the sentence on this unrelated offense. *Mudloff v. Mo. Dep't of Corr.*, 53 S.W.3d 145, 148 (Mo.App. W.D.2001).

To avoid this conclusion, Mr. Belton argues that his time in custody between July 18, 1997, and October 19, 1998, in fact related both to the drug possession and drug manufacturing offenses because the detainer on the drug manufacturing charge continued in effect even after the sentence for drug possession commenced.

The problem for Mr. Belton is that we recently rejected a similar argument in *Mudloff.* In that case, Newton County authorities originally charged the defendant with drug trafficking. 53 S.W.3d at 146. After posting bond, the defendant failed to appear at trial and Missouri authorities issued capias warrants for his arrest. *Id.* Illinois authorities later arrested the defendant for marijuana possession. *Id.* at 147. The state of Missouri then filed a detainer to prevent his release. An Illinois jury subsequently convicted the defendant on the marijuana possession charge and sentenced him to three years' imprisonment. He began serving this sentence in Illinois. *Id.* After the defendant filed a request for disposition of detainers in the Missouri case, Illinois authorities transferred him to the Newton County jail, where he remained pending trial on the Missouri drug trafficking offense. *Id.* Between the time of his transfer to the Newton County jail and his conviction on the Missouri drug trafficking offense, the de-

fendant was still serving his Illinois sentence. *Id.*

We concluded that the defendant had no right to a credit for the time spent in the Newton County jail and said:

> During the time that Mudloff was awaiting trial in the Newton County Jail, he was serving the sentence for his Illinois conviction and was not eligible for bail because of that conviction. The reason Mudloff was being held in Missouri rather than Illinois was because of his own motion for disposition of the Missouri detainer. . . . Because Mudloff was being held in custody for a conviction and sentence unrelated to his Missouri offense, he was not being held "in custody related to" the Missouri offense and was not entitled to a credit for his jail time under the 1997 version of § 558.031.

*Id.* at 148.

As in *Mudloff,* Mr. Belton was not eligible for bail after he began serving his sentence for drug possession. It therefore does not matter that the detainer may have continued in effect[4] after July 18, 1997. Mr. Belton would have remained in custody in any event while serving his sentence on the unrelated drug possession offense.

We also disagree with Mr. Belton that the Missouri Supreme Court's decision in *Goings v. Mo. Dep't of Corr.*, 6 S.W.3d 906 (Mo. banc 1999), compels a different conclusion. We have reviewed that decision and discern an important difference between that case and this one. Unlike our case, *Goings* involved a parolee who was arrested for a second offense, resulting in the revocation of his parole on the first offense. *Id.* at 907. Even though the parolee in *Goings* returned to jail for vio-

---

4. The record does not indicate when the detainer was filed or how long it remained in effect.

lating the terms of parole on his first offense, he had a right to credit for the time spent in custody while awaiting trial and sentencing on the second offense, because the arrest on the second offense triggered the revocation of his parole and his return to prison. *Id.* at 908.

Mr. Belton's second offense does not relate to his first offense in a similar manner. Unlike the parolee in *Goings*, he would have been in custody serving the sentence on his first offense regardless of his arrest on the second one. *See State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 519 (Mo. banc 2001) (rejecting contention that time spent in custody for first sexual assault offense also constituted time spent in custody on second sexual assault offense where, even absent the defendant's arrest on the second offense, he would have been in prison serving his sentence on the first offense).

Point I is granted in part and denied in part.

**B. The Circuit Court's Declaratory Judgment Does Not Amend Mr. Belton's Sentence for Drug Manufacturing**

Mr. Belton next argues that the circuit court's declaratory judgment effectively amended his sentence for drug manufacturing and, therefore, required that he be present for a re-sentencing. The circuit court's judgment did not have that effect. It simply declared Mr. Belton's entitlement to credit for time served, as he requested in his petition for declaratory judgment.

In any event, the circuit court lacks the authority to do what Mr. Belton says that it did. Mr. Belton has the right to obtain a declaration regarding his entitlement to credit for time served. *Mashek v. State ex rel. Mitchell*, 940 S.W.2d 1, 2 (Mo.App. W.D.1997); *Roy v. Mo. Dep't of Corr.*, 23

S.W.3d 738, 744 (Mo.App. W.D.2000) ("Thus, Mr. Roy could properly request a determination of his entitlement to credit on his sentences in a declaratory judgment petition."). But he does not have the right to obtain from the circuit court a calculation, recording, and crediting against his sentence for time served. *Bates*, 986 S.W.2d at 489. Only the Department of Corrections can calculate and record the time required to be credited. *Id.* Thus, even if the circuit court attempted to credit Mr. Belton for time served—as opposed to simply declaring his entitlement to credit—the circuit court had no authority to do so. The circuit court's judgment, therefore, did not amend or otherwise alter Mr. Belton's sentence. None of the authority that Mr. Belton cites stands for the proposition that the circuit court's judgment declaring his entitlement to credit amends or otherwise alters his sentence for drug manufacturing. Point II is denied.

**C. Mr. Belton's Third Point is Moot**

Mr. Belton finally complains that the circuit court abused its discretion by (1) failing to grant him leave to file his petition as an indigent person; (2) failing to grant him leave to file his appeal as an indigent person and; (3) failing to waive the cost of copies associated with preparing a legal file for appeal. We need not reach the merits of this argument because of mootness.

"The mootness of a controversy is a threshold question in any appellate review of that controversy." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). Because mootness implicates the justiciability of a case, we review for mootness *sua sponte. Id.* "When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court

to grant effectual relief, the appeal is moot and generally should be dismissed." *Id.*

Although Mr. Belton complains that the circuit court's actions threatened his access to the courts, he concedes that he ultimately obtained the necessary funds from his mother at each step of the legal process. Because Mr. Belton's hypothetical concerns never materialized, we need not decide this point. Furthermore, Mr. Belton has not requested any relief for this threatened harm. "We do not decide questions of law disconnected from the granting of actual relief." *Id.* (citations omitted). Point III is dismissed.

## IV. CONCLUSION

Mr. Belton is entitled to credit for time served between June 20, 1997, to July 18, 1997, because that time was related to the drug manufacturing offense for which he was arrested on June 20, 1997. Because the circuit court incorrectly declared that Mr. Belton was not entitled to credit after July 14, 1997, we reverse that portion of its judgment. Mr. Belton's sentence on the drug possession charge did not commence under section 558.031 until he was received into the custody of the Department of Corrections to begin serving his drug possession sentence on July 18, 1997. Even though the Department of Corrections makes the final determination, it appears from the record that he is entitled to credit from June 20, 1997, to July 18, 1997. But the circuit court correctly declared that Mr. Belton is not entitled to credit for time served between July 18, 1997, and October 19, 1998, because that time was related to his drug possession conviction and sentence. We affirm that portion of the judgment.

We further hold that the circuit court's judgment did not amend or otherwise alter Mr. Belton's sentence for drug manufacturing.

Finally, we dismiss Mr. Belton's third point because it is moot.

ROBERT G. ULRICH and EDWIN H. SMITH, Judges, concur.