Shawn DWORACZYK, Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,** Respondent.

No. WD 68485.

Missouri Court of Appeals, Western District.

April 22, 2008.

Shawn Dworaczyk, Nevada, appellant pro se.

Jeremiah W. (Jay) Nixon, Ronald Ribaudo, Jefferson City, for respondent.

Before HOWARD, C.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Shawn Dworaczyk appeals from the denial of his petition for declaratory judgment against the Missouri Department of Corrections (MDOC). He contends the circuit court erred in determining that he was not entitled to credit against his prison sentence for time spent under supervised probation. For reasons explained herein, we affirm the judgment.

On May 1, 2006, Dworaczyk pled guilty in Moniteau County to the felony offense of theft/stealing and was sentenced to a seven-year prison term. At that time, the circuit court also revoked Dworaczyk's probation on 2003 convictions for involuntary manslaughter and second-degree burglary in Miller County and imposed seven-year consecutive sentences on both offenses. The court ordered Dworaczyk to serve the sentence for theft/stealing concurrently with the sentences for involuntary manslaughter and burglary.

Upon incarceration, Dworaczyk sought against credit his prison sentence for the 1,042 days he spent on probation on the Miller County convictions. MDOC denied his request.

Dworaczyk filed a petition for declaratory judgment, asserting that Section

558.031.1 [1] required MDOC to credit his prison sentence for the time he spent in "custody" while on supervised probation on the Miller County offenses. The circuit court granted MDOC's motion for judgment on the pleadings and entered judgment against Dworaczyk.

In his sole point on appeal, Dworaczyk argues that circuit court erred in granting MDOC's motion because he has a "statutory right to receive accreditation" for time served on probation and the denial of that right violates his right to equal protection of the law under the Fourteenth Amendment of the United States Constitution and article I, section 2 of the Missouri Constitution.

■ On appeal from a judgment on the pleadings, we review the petition to determine whether the facts pleaded are insufficient as a matter of law. *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 134 (Mo.2000). The party moving for judgment on the pleadings admits the truth of the well-pleaded facts in the opposing party's pleadings for the purposes of the motion. *Id.* "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.*

■ Section 558.031.1 provides the following criteria to determine when an inmate is entitled to accreditation for time previously spent in custody:

A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:

(1) Such credit shall only be applied once when sentences are consecutive;

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

(3) As provided in section 559.100, RSMo.

Based on these provisions, Dworaczyk's request for credit fails because he is unable to show that he previously spent time "in prison, jail or custody" or that any of the three exceptions are applicable.

Dworaczyk does not assert that he was actually in jail or physical custody while on probation, but rather that his probation was constructive custody. A similar argument was rejected in *Bates v. Missouri Department of Corrections*, 986 S.W.2d 486, 489 (Mo.App.1999), with respect to house arrest. We determined in *Bates* that only time actually spent in prison, jail, or custody will satisfy the requirements for credit under Section 558.031.1. *Id.* Even assuming, *arguendo*, that a jail or custody equivalence test had been adopted in *Bates,* the court concluded that a house arrest would not rise to the level necessary to trigger Section 558.031.1 because the defendant still had the ability to enjoy the comforts of home and to work outside the home. *Id.* at 490.[2] Here, Dworaczyk fails

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

2. *See also Heitman v. State,* 622 S.W.2d 760 (Mo.App.1981) (holding that bond conditions limiting the defendant to his residence from 10:00 pm to 6:00 am were not so restrictive

to show that the conditions of his supervised probation were any more restrictive than the house arrest in *Bates.* Accordingly, he was not entitled to receive credit under Section 558.031.

■ We note further that Section 559.100, referred to in the third exception of Section 558.031.1, bars Dworaczyk's claim against MDOC for probation time credit. It states in part that the *"circuit court* may, in its discretion, credit any period of probation or parole as time served on a sentence." § 559.100.2. Under this section, the MDOC had no authority to grant relief because only the sentencing court could award credit against a prison sentence for time spent on probation. *Donaldson v. Crawford,* 230 S.W.3d 340, 343 (Mo.banc 2007). MDOC was, therefore, entitled to judgment on the pleadings because Dworaczyk's petition failed to state a proper claim as a matter of law.

We affirm the circuit court's judgment.

All concur.

as to require credit against a sentence under