**Brian COLLAR, Respondent,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Appellant.**

No. WD 71362.

Missouri Court of Appeals,
Western District.

June 22, 2010.

Caroline M. Coulter, for Appellant.

Brian Collar, pro se.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

On April 4, 1983, Brian Collar was sentenced by the Circuit Court of St. Louis County to six concurrent terms of seventeen years imprisonment for offenses committed in St. Louis County. On September 17, 1987, he was released on parole.

On January 5, 1989, Collar was arrested and charged with six counts of robbery and six counts of armed criminal action related to crimes committed in St. Louis City. Collar remained in jail awaiting trial until his parole on the St. Louis County sentences was revoked on April 24, 1989, and he was returned to the custody of the Missouri Department of Corrections.

On October 4, 1989, Collar pled guilty to the six counts of robbery and six counts of armed criminal action in the Circuit Court of the City of St. Louis. The court sentenced him to twelve concurrent terms of 30 years imprisonment on those counts. The judgment reflected that those sentences were to run concurrent to a federal sentence but made no mention of the sentences imposed by the county. Subsequently, on April 27, 1990, as a result of a stipulation by defense counsel, the State, and the plea judge, the circuit court entered a "Corrected Sentence and Judgment" reflecting that Collar's city sentences were also to be served concurrently with his county sentences.

After discovering that the Department of Corrections was denying him credit against his thirty-year sentences for the time he spent imprisoned between April 24, 1989, and October 27, 1990, Collar filed a petition in the Circuit Court of Cole County seeking a declaratory judgment stating that he was entitled to such credit. After the Department of Corrections filed its answer, Collar filed a motion for judgment on the pleadings which was ultimately granted by the trial court. The Department of Corrections brings two points on appeal.

■ "The party moving for judgment on the pleadings admits the truth of the well-pleaded facts in the opposing party's pleadings for the purposes of the motion." *Dworaczyk v. Missouri Dep't of Corrections,* 250 S.W.3d 436, 438 (Mo.App. W.D. 2008). "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation omitted). "When reviewing a judgment on the pleadings in favor of the plaintiff, we look to the defendant's answer." *Garr v. Missouri Bd. of Probation & Parole,* 211 S.W.3d 191, 192 (Mo.App. W.D.2007). We accept the facts pleaded in the answer as true and view them in the light most favorable to the defendant. *Armstrong v. Cape Girardeau Physician Associates,* 49 S.W.3d 821, 824 (Mo.App. E.D.2001). We will affirm the grant of judgment on the pleadings "where, holding all facts alleged in the opposing party's petition as true, the moving party was entitled to judgment as a matter of law." *Wallingford v. Missouri Dep't of Corrections,* 216 S.W.3d 695, 696 (Mo.App. W.D.2007).

■ In its first point, the Department of Corrections claims the trial court erred in declaring that Collar was entitled to credit against his city sentences for the 163 days he spent in prison between the date his parole was revoked on the county sentences and the date he entered his plea

and was convicted on the city counts.[1] In this regard, the Department is correct.

"[A] prisoner may bring a declaratory judgment action regarding entitlement to a credit for jail time under § 558.031." *Stinson v. Sharp*, 80 S.W.3d 852, 854 (Mo.App. S.D.2002). Section 558.031, RSMo 1986, was the jail time credit statute in effect at the time Collar's offenses were committed and, therefore, is the statute that must be considered in relation to his claim. *Belton v. Moore*, 112 S.W.3d 1, 2 n. 3 (Mo.App. W.D.2003) (noting that the statute to be applied in a jail time credit challenge was the one in effect at the time of the offense). That statute provided:

> A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both while awaiting trial for such crime and while pending transfer after conviction to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that
>
> (1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; and
>
> (2) Credit for jail or prison time shall be applied to each sentence if they are concurrent.

§ *558.031.1*, RSMo 1986. Collar claimed in his motion that this second exception should apply since he was ultimately sentenced to serve his city sentences concurrently with the county ones.

■ "Where sentences imposed at different times or for different periods of time run concurrently, the sentences run together during the time that the periods overlap." *Mudloff v. Missouri Dep't of Corrections*, 53 S.W.3d 145, 150 (Mo.App. W.D.2001) (internal quotation omitted). An inmate "is not entitled to credit on the later sentence for the period served prior to such sentence, particularly where the sentences are imposed by different courts in different jurisdictions." *Id.* (internal quotation omitted). For this reason, our courts have held that "under § 558.031(2) a defendant [is] not entitled to credit on a concurrent sentence that would give him credit for time spent in custody on an unrelated sentence prior to the imposition of the sentence for which credit was sought." *Id.*; *see also Roy v. Missouri Dep't of Corrections*, 23 S.W.3d 738, 745 (Mo.App. W.D.2000). Accordingly, the judgment must be reversed to the extent it affords Collar credit for the 163 days he spent in prison between the date his parole was revoked on the county sentences and the date he was convicted on the city counts.

■ In its second point, the Department claims that the trial court erred in concluding that Appellant was entitled to credit against the sentence entered on the city counts for the 204 days he spent in prison from the date of the initial sentencing on those counts until the date the corrected judgment was entered on April 27, 1990. The Department claims that, because the sentences were not made concurrent until the corrected judgment was entered, Collar was only serving time on the county counts during that period.

The relevant statutory language is found in § 558.031.3, RSMo 1986, which provid-

---

1. Collar was credited by the Department with the time he spent in jail from the time of his arrest on the city charges until the date his parole was revoked on the count sentences.

ed: "If a sentence of imprisonment is vacated and a new sentence is imposed on the defendant for the same offense, the new sentence is calculated as if it had commenced at the time the vacated sentence was imposed, and all time served under the vacated sentence shall be credited against the new sentence." The Department argues that Collar did not serve any time on the initial sentence because it was deemed to be consecutive to the county sentences until the corrected judgment was entered.

In making this argument, the Department chooses to ignore the language requiring that the new sentence be "calculated as if it had commenced at the time the vacated sentence was imposed." Based upon this language, Collar was entitled to receive credit against his city sentences from the date of his original sentencing onward. *See Pettis v. Missouri Dep't of Corrections*, 275 S.W.3d 313, 319 (Mo.App. W.D.2008) (noting that under the pre–1995 version of § 558.031.3, "the concurrency of [the inmate's] corrected sentence would be calculated as if it had commenced at the time his vacated consecutive sentence was imposed ... consequently requiring [the inmate] to receive credit during the time of his appeal"). Point denied.

For the forgoing reasons, the judgment is reversed to the extent it declares that Collar should be credited for the 163 days he spent in prison between the date his parole was revoked on the county sentences and the date he was convicted on the city counts. In all other respects, the judgment is affirmed.

All concur.