

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101566 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| KENNETH D. PARKER, | ) | Honorable Robert S. Cohen |
| | ) | |
| Appellant. | ) | Filed: February 24, 2015 |

## *Introduction*

Kenneth Parker (Defendant) appeals the order entered by the Circuit Court of St. Louis County denying his pro se motion to credit time served toward his sentence. Finding that there is no appealable judgment, we dismiss Defendant's appeal.

## *Factual and Procedural Background*

On August 22, 2013, Defendant pleaded guilty via video conference from a federal penitentiary in Tucson, Arizona to one count of robbery in the first degree and one count of robbery in the second degree. On the same day, the trial court sentenced Defendant to ten years' imprisonment on each count to run concurrently with each other and his federal sentence. Initially, the trial court ordered that Defendant "be credited with all time in custody from September 24, 2010 to today's date [August 22, 2013], to be determined by [Missouri Department of Corrections]." However, the trial court crossed out its order and instead ordered

that Defendant "receive credit for all time as is allowed by law." Pursuant to 558.031 RSMo,[1] an officer from St. Louis County Justice Services credited Defendant with 334 days.

On March 10, 2014, Defendant filed a pro se "motion to reopen sentencing." In his motion, Defendant requested the trial court "correct" his sentence and credit his sentence with time served from the date he entered custody until the date of sentencing. On the same day, the trial court denied Defendant's motion. Defendant appeals.

*Discussion*

In his first and second point on appeal, Defendant asserts that the trial court erred in failing to credit his prison sentence with time served from the date he went into custody until the date he pleaded guilty. The State contends that we should dismiss Defendant's appeal because: (1) the trial court's order denying Defendant's motion is not an appealable order; (2) Defendant did not file a petition for declaratory judgment under section 558.031.1; (3) Defendant's notice of appeal is untimely; and (4) Defendant failed to name the Missouri Department of Corrections (MDOC) as a party.

The order denying Defendant's motion to credit time served is not an appealable order. See e.g. State v. Decker, 194 S.W.3d 879,880 (Mo.App.E.D. 2006). Section 547.040 provides for an appeal in criminal cases only where there is a "final judgment." Mo. Rev. Stat. § 547.070. A final judgment in a criminal case occurs only when the trial court enters a sentence. State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994).

Here, Defendant appealed from a post-conviction order denying his request to credit him for time served toward his sentence. The order imposed no sentence and thus is not a "final

---

[1] Section 558.031 provides that an offender sentenced to a term of imprisonment "shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense."

2

judgment" for purposes of appeal.  See State v. Goodloe, 285 S.W.3d 769, 769 (Mo.App.E.D. 2009).

Additionally, "[a]s a matter of law, claims for credit for time served under section 558.031 are not cognizable."  Id. (quotation omitted).  A prisoner seeking credit towards his sentence must request that credit from the MDOC, rather than the trial court.  Bates v. Missouri Dept. of Corrections, 986 S.W.2d 486, 488-89 (Mo.App.W.D. 1999).  This is because section 558.031 contemplated an administrative, not a judicial, determination of time to be credited against a sentence.  Id.  Pursuant to section 558.031, the award of credit toward time served is not a matter of discretion for the sentencing court, but rather a matter for the MDOC.  State ex rel. Nixon v. Dierker, 22 S.W.3d 787, 790 (Mo.App.E.D. 2000).

Defendant failed to request credit toward his sentence from the MDOC.  Rather than file a petition for declaratory judgment against the MDOC, Defendant filed a "motion to reopen sentencing."  In his motion, Defendant moved the trial court to recalculate the number of days credited toward his sentence for time served.  Section 558.031 "prohibits the court from calculating and crediting against a sentence any time served."  Bates v. Missouri Dept. of Corrections, 986 S.W.2d 486, 489 (Mo.App.W.D. 1999).

### *Conclusion*

We dismiss Defendant's appeal for lack of an appealable judgment.


_____
Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

3