Gary D. Witt, Judge
Edward Dunn ("Mr. Dunn") appeals from the judgment of the Circuit Court of Cole County, Missouri, granting Director Precythe's[1] motion to dismiss and denying Mr. Dunn's petition for declaratory judgment. Mr. Dunn was convicted of driving while intoxicated-chronic offender. He now seeks credit against his sentence for the period of time he was out on bond under house arrest while awaiting trial. The trial court dismissed his petition for failure to state a claim and denied his petition for declaratory judgment. Mr. Dunn argues that the trial court erred in dismissing his claim because not all of his claims were adjudicated, he pled sufficient facts, and the trial court misinterpreted section 558.031.[2] We affirm.
Statement of Facts[3]
Mr. Dunn was arrested on June 7, 2014, in St. Louis County, Missouri for the offense of driving while intoxicated and was detained in the Florissant City jail. Mr. Dunn was transferred to the St. Louis County Department of Justice Services' county jail, where he was detained and charged with driving while intoxicated-chronic offender. On July 7, 2014, following a hearing, the court set bond under the conditions of a Bond Memo Order which *456 included the posting of ten percent cash of the bond amount and participation in the Electronic Home Detention ("EHD") Program and the Secure Continuous Remote Alcohol Monitoring ("SCRAM") Program.[4] We refer to the time he was subject to these programs as "House Arrest" for ease of reference.
On July 14, 2014, Mr. Dunn posted bond and became subject to the conditions of the Bond Memo Order. On March 21, 2016, Mr. Dunn pled guilty to the charge. Sentencing was set for April 22, 2016, and Mr. Dunn was released from House Arrest on April 20, 2016. At sentencing, Mr. Dunn was sentenced to five years in the Missouri Department of Corrections ("MDOC").
On or about April 27, 2016, Mr. Dunn received his MDOC face sheet and jail time endorsement letter which credited him with 43 days of jail time served on the charges but denied him credit for the time he was on House Arrest. On May 16, 2016, and June 27, 2016, Mr. Dunn sent letters to the St. Louis County Department of Justice Services, requesting credit for the time he was on House Arrest. Mr. Dunn never received a response to either letter. Mr. Dunn exhausted the MDOC's grievance procedure and was denied credit by MDOC for the time period at issue.
On June 8, 2017, Mr. Dunn filed a petition for declaratory judgment requesting the trial court to declare that he is entitled, as a matter of law, to credit against his present sentence for the 646 days he was on House Arrest prior to his sentence. Mr. Dunn alleged that he should have received credit against his sentence because he was in custody and confined during the period of time at issue, and not receiving credit violates his constitutional liberties, specifically his rights to Due Process and Equal Protection.
On August 7, 2017, MDOC filed a motion to dismiss the petition for failure to state a claim. September 5, 2017, Mr. Dunn filed a response in opposition to MDOC's motion to dismiss and also filed a motion for summary judgment. On October 23, 2017, a hearing was held and judgment was entered. The trial court granted MDOC's motion to dismiss and denied Mr. Dunn's petition for declaratory judgment. This timely appeal followed.
Standard of Review[5]
"Our review of a dismissal for failure to state a claim or for lack of standing is de novo. " White , 293 S.W.3d at 8. "The petition states a cause of action if it 'sets forth any set of facts that, if proven, would entitle the plaintiffs to relief.' " Id. (quoting Lynch v. Lynch , 260 S.W.3d 834, 836 (Mo. banc 2008) ). "A motion to dismiss for failure to state a claim 'is solely a test of the adequacy of the plaintiff's petition.' "
*457 Kixmiller v. Bd. of Curators of Lincoln Univ. , 341 S.W.3d 711, 713 (Mo. App. W.D. 2011).
Analysis
Mr. Dunn raises four points on appeal. In Mr. Dunn's first point on appeal, he argues that the trial court erred in granting MDOC's motion to dismiss and denying his petition for declaratory judgment because the trial court is required to adjudicate all claims present in the action "before entering a final judgment." In Point Two, Mr. Dunn argues that the trial court erred in granting MDOC's motion to dismiss and denying his petition for declaratory judgment because the trial court "exceeded its standard of review for the motion to dismiss in addressing and ruling on the merits of the claim." In Point Three, Mr. Dunn argues that the trial court erred in granting MDOC's motion to dismiss and denying his petition for declaratory judgment because he sufficiently pled facts demonstrating a justiciable controversy entitling him to his rights as a matter of law. In his fourth point, Mr. Dunn argues that the trial court erred in granting MDOC's motion to dismiss and denying his petition for declaratory judgment because the trial court analyzed and erroneously interpreted section 558.031.
Point One
In Point One, Mr. Dunn argues that the trial court erred in granting MDOC's motion to dismiss and denying his petition for declaratory judgment because the trial court is required "to adjudicate all claims presented in the action before entering a final judgment." Mr. Dunn argues that he presented four claims for relief in his petition and MDOC's motion to dismiss addressed only the second one, therefore by entering its judgment the trial court failed to address the remaining three claims.
Mr. Dunn's petition for declaratory judgment contains only one count but he lists four claims for relief. Under his first claim of relief, Mr. Dunn argues that he is entitled to time credit on his present sentence because he was in confinement during the period of House Arrest. Under his second claim of relief, Mr. Dunn argues that he is entitled to time credit on his present sentence because he was in custody during the period of House Arrest. Under his third claim of relief, Mr. Dunn argues that his rights to Due Process were violated when MDOC denied his time credit on his sentence because he was in custody during the period of House Arrest. Under his fourth claim of relief, Mr. Dunn argues his right to Equal Protection was violated when the MDOC denied him time credit on his present sentence because a similarly situated individual subject to the same or less restrictive conditions would have received time credit.
All of Mr. Dunn's claims of relief rise or fall on the question of whether he is legally entitled to credit against his sentence for the period he spent on House Arrest. By determining that Mr. Dunn is not entitled to time credit during the period of House Arrest, the trial court made a finding that was dispositive of all four of Mr. Dunn's claims of relief. See Mackey v. Mackey, 914 S.W.2d 48, 50 (Mo. App. W.D. 1996) (pleading a legal conclusion which is not supported by the facts alleged in the petition is subject to dismissal for failure to state a claim). Point One is denied.
Point Two
In Mr. Dunn's second point, he argues that the trial court erred in granting MDOC's motion to dismiss and denying Mr. Dunn's petition for declaratory judgment because the trial court "exceeded its standard of review for the motion to dismiss in addressing and ruling on the merits *458 of the claim." Mr. Dunn argues that because the trial court denied his petition for declaratory judgment, it thereby acknowledged that he stated a claim for which relief could be granted.
While the trial court cannot dismiss a petition and then immediately deny the same petition on the merits, the trial court's denial of Mr. Dunn's petition for declaratory judgment was superfluous to its grant of MDOC's motion to dismiss. See Autumn Ridge Homeowners Ass'n, Inc. v. Occhipinto , 311 S.W.3d 415, 420 (Mo. App. W.D. 2010) ("A conclusion that exceeds the determination required to dispose of a claim is considered gratuitous surplusage."). The superfluous denial of Mr. Dunn's petition is irrelevant to this appeal as we only look to the grant of MDOC's motion to dismiss which is a final judgment. "[I]f comments are superfluous, the matter is moot because there is no collaterally preclusive effect to the judgment[.]" Id. Point Two is denied as moot.
Point Three
In Mr. Dunn's third point, he argues that the trial court erred in granting MDOC's motion to dismiss because he sufficiently pled facts demonstrating a justiciable controversy entitling him to a declaration of his rights as a matter of law. Mr. Dunn argues that he pled facts that he was arrested for driving while intoxicated and was subsequently held in custody during the period of House Arrest, which is sufficient to establish a justiciable controversy as to whether he should receive credit for the House Arrest time period.
Under section 558.031.1, a convicted person "shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense[.]" It has been well established that "[a] defendant who is on bond is not in jail or custody, and the law does not allow credit against a sentence for time spent free on bail." Bates v. Mo. Dep't of Corrs. , 986 S.W.2d 486, 489 (Mo. App. W.D. 1999) ("There is no dispute that the appellant here was not actually in jail or custody during the time he was free on bond while under house arrest awaiting trial. As such, the appellant was not entitled to [section] 588.031 credit for this time.") (cited favorably in Dworaczyk v. Mo. Dep't of Corrs. , 250 S.W.3d 436, 438-39 (Mo. App. W.D. 2008) and State v. Decker , 194 S.W.3d 879, 881 n.1 (Mo. App. E.D. 2006) (recognized in dictum that, under Bates , "time served on house arrest could not be credited toward time served.") ).
In Mr. Dunn's petition, he does not claim he was in jail at any point during the time period at issue. Mr. Dunn's only claim for section 588.031 credit is that he is entitled to credit against his sentence for the period while he was out on bond but subject House Arrest. Bates clearly established that House Arrest time does not qualify for mandatory credit pursuant to section 558.031 as a matter of law. Since Mr. Dunn's only claim for time credit does not qualify under the statute, Mr. Dunn did not have a claim for which relief could be granted. See Bates , 986 S.W.2d at 489.
Further, while this argument was not raised by either party, section 221.025.2 provides the sentencing court the discretion to grant time spent on electronic monitoring credit against the ultimate sentence. See section 221.025.2 ("A judge may, in his or her discretion, credit any such period of electronic monitoring against any period of confinement or incarceration ordered ..."). To hold, as Mr. Dunn argues, that MDOC is required to grant credit for any time spent on electronic monitoring *459 against any sentence would render the discretion of the sentencing court to grant or deny such credit under section 221.025.2 meaningless. The legislature is presumed not to have intended a meaningless act. Laut v. City of Arnold, 491 S.W.3d 191, 203 (Mo. banc 2016). Therefore, there is no mandatory requirement placed upon MDOC to provide time credit to Dunn for the period spent on House Arrest. Mr. Dunn could have requested such credit from the sentencing court pursuant to section 221.025.2 but has no right to demand that MDOC grant such credit under section 588.031.
The trial court did not err in granting MDOC's motion to dismiss. Point Three is denied.
Point Four
In Point Four, Mr. Dunn argues that the trial court erred in granting MDOC's motion to dismiss because the trial court erroneously interpreted the statute to exclude any and all time in custody as conditions of bond for purposes of time credit. Mr. Dunn further argued that the trial court erred in analyzing section 558.031 at all in ruling on a motion to dismiss.
Section 558.031 has already been interpreted to exclude time while out on bond, even if the defendant is subject to the constraints of house arrest. Bates , 986 S.W.2d at 489. The trial court did not erroneously interpret section 588.031 because the trial court was merely following the legal interpretation of the statute by this Court.
To the extent that Mr. Dunn argues that the trial court erred in analyzing section 558.031 at all, the trial court must look to the law at issue to determine whether the facts alleged are sufficient to state a claim for relief. See State ex rel. Mid-Missouri Limestone, Inc. v. Cty. of Callaway, 962 S.W.2d 438, 442 (Mo. App. W.D. 1998) (Legal conclusions not supported by facts alleged in the petition are disregarded). Section 558.031 sets forth the conditions under which a defendant is entitled to time credit against a prison sentence. The trial court did not err in analyzing the legal effect of section 558.031 to determine if the facts alleged by Mr. Dunn were sufficient to state a claim of relief under that section. Point Four is denied.
Conclusion
The trial court's judgment is affirmed.[6]
All concur

Director Precythe is the Director of the Missouri Department of Corrections ("MDOC") and is a party to this action in her official capacity as opposed to her individual capacity. We will refer to her as MDOC for ease of reference.
The State failed to file a respondent's brief in this matter. Briefs by both parties are encouraged in order to give all parties the opportunity to aide [sic] the court in reaching a proper decision. The failure of a respondent to file a brief on appeal is an imposition on the court and leaves us dependent upon an appellant's presentation and our own research; however, because no penalty is imposed by statute or rule, we proceed to determine the case on its merits.
State v. Murphy, 358 S.W.3d 126, 128 n. 2 (Mo. App. S.D. 2011) (internal citations and quotation marks omitted).

All statutory references are to RSMo 2016 as currently supplemented, unless otherwise indicated.

"When reviewing for failure to state a claim, we treat the facts contained in the petition as true and construe them liberally in favor of the plaintiff[ ]." White v. White , 293 S.W.3d 1, 8 (Mo. App. W.D. 2009), overruled on other grounds by McGaw v. McGaw , 468 S.W.3d 435 (Mo. App. W.D. 2015).

EHD Program tracks the movements of a person through GPS monitoring. SCRAM consists of a leg bracelet that monitors the presence of alcohol in the person's blood by analyzing the sweat emitted through their skin.

While the trial court both granted MDOC's motion to dismiss and denied Mr. Dunn's petition for declaratory judgment, the trial court's denial of the petition was superfluous to its dismissal. Therefore, we review Mr. Dunn's appeal under the standard of review for a grant of a motion to dismiss.
Further, while "a dismissal without prejudice is generally not a final, appealable judgment," "[a] dismissal without prejudice for failure to state a claim, when the plaintiff elects to stand on the dismissed petition and not plead further, 'amounts to a determination that the plaintiff has no action.' " Getz v. TM Salinas, Inc. , 412 S.W.3d 441, 446 (Mo. App. W.D. 2013) (quoting Mahoney v. Doerhoff Surgical Servs., Inc. , 807 S.W.2d 503, 506 (Mo. banc 1991) ).

Even if Mr. Dunn's petition had been decided on its merits, Mr. Dunn would not have been entitled to any further time credit towards his present sentence because he was not in custody pursuant to the statute during the time period at issue. Mr. Dunn was out on bond, but subject to the constraints of House Arrest. The constraints of House Arrest while out on bond do not constitute jail or custody for purposes of section 558.031. Bates , 986 S.W.2d at 489 ("There is no dispute that the appellant here was not actually in jail or custody during the time he was free on bond while under house arrest awaiting trial. As such, the appellant was not entitled to [section] 588.031 credit for this time."). Mr. Dunn is not entitled to time credit by MDOC for the time he was out on bond and subject to House Arrest as a matter of law.