**Roy T. BOYER, Boyer Building Company, Inc. and Donna Boyer, Plaintiffs,**

**v.**

**The Honorable John L. ANDERSON and Sheriff Walter Buerger, Defendants.**

**No. 44335.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1981.

---

John L. Davidson, Clayton, for defendants.

David M. Duree, Anthony S. Bruning, St. Louis, for plaintiffs.

DOWD, Judge.

This case is an original proceeding in prohibition alleging that defendants have exceeded their jurisdiction.

On January 11, 1978, judgment was entered in favor of Carondelet Savings & Loan Association (Carondelet) against Roy T. Boyer, individually, (Boyer) and Boyer Building Company, Inc. (Company) in the amount of $160,926.93. The judgment was based on a deficiency due on a promissory note, after foreclosure sale under a deed of trust. For a further discussion of that case see *Carondelet Savings & Loan Assn. v. Boyer*, 595 S.W.2d 744 (Mo.App.1980).

On January 9, 1981, the judgment was revived in the full amount plus post-judgment interest. A writ of execution was issued on March 26, 1981, against Boyer and the Company and was returnable on May 1, 1981. Pursuant to the execution and Sec. 513.115, RSMo 1978, defendant Sheriff Buerger served a request on Company secretary, Donna Boyer, (Donna) to furnish him with a certificate stating the number of shares of stock that Boyer held in the Company. Sheriff Buerger did not seize the stock certificate but served written notice of the execution on Donna. See Rule 76.06(f). On April 28, Donna answered the request in a written statement averring that Boyer held 100 shares. That same day Donna filed a petition to intervene in the execution proceedings, claiming an interest in Boyer's shares on the ground that, as his wife, she, too, had an interest in the stock. Her name, however, did not appear on the shares as a joint owner.

Donna simultaneously filed a motion to stay the execution sale which was originally set for May 11, 1981, and later rescheduled for May 18, 1981, on the ground that she held the Company shares with Boyer as husband and wife so that the shares were not subject to execution. Boyer filed a separate motion to quash the execution and to stay the execution sale on the same ground. His motion also alleged that Carondelet sought execution of the stock in order to gain control of the Company and, then, to dismiss a counterclaim of the Company against Carondelet pending in another action between the parties.

The next day, on April 29, the Company issued 250 new shares of stock to Donna for which she paid the par value, $10.00 per share.

On May 6, Donna filed an amended statement showing that she and Boyer held 50 rather than 100 shares of stock in the Company. But, contrary to this statement, on May 6, Boyer sold "his" 50 shares to Donna for $500 and also assigned his rights to the shares to Donna, subject to any lien created by the levy.

That same day Boyer filed a second motion to stay the execution sale and to quash the execution. This motion was directed to the rescheduled date of sale and was based on the ground that the levy was not properly made because the shares had not been seized as required by Rule 76.06(f).

All motions were set for hearing on May 7 before defendant, Hon. John L. Anderson. Evidence was taken. The court overruled the motions to quash the execution and to stay the execution sale. No ruling was made on Donna's motion to intervene.

Carondelet then filed with the court a handwritten, unverified Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. No filing fee was paid. The petition displayed the cause number assigned to the execution proceeding. It alleged that Boyer's transfer of "his" 50 shares of stock in Company was made without adequate consideration and with intent to defraud Carondelet. It further alleged the possibility of future at-

tempts to fraudulently transfer shares in the Company. On May 7, the court issued an oral temporary restraining order against Boyer, the Company and the officers of Company, including Donna, "restraining them from transferring or issuing any additional shares of stock until such time as this matter can be heard."

Plaintiff's petition for writ of prohibition was filed on May 11. That same day Carondelet filed its typewritten petition seeking to enjoin issuance, sale, transfer, assignment or delivery of stock in the Company and to cancel other recent stock transactions between Boyer and Donna. Carondelet also filed a motion for preliminary injunction based on allegations of fraud committed by Boyer, Donna and the Company. The docket sheet shows that these filings were made under the cause number of the execution proceedings.

Hearing was held on May 14, 1981, to show cause why the oral temporary restraining order issued on May 7 should not become a permanent injunction. No evidence was adduced but arguments of counsel were heard. At the conclusion of arguments the court ordered the handwritten petition, the "amended"[1] typewritten petition, the motion for preliminary injunction and all other documents or pleadings to be severed from the execution proceedings and transferred to a new cause number. The temporary restraining order, which had never been reduced to writing, was not severed or transferred.

This court on May 14, 1981 entered its preliminary order in prohibition barring all further action by the trial court.

Plaintiffs contend the trial court exceeded its jurisdiction 1) by issuing an oral temporary restraining order which did not set forth the reasons for its issuance; 2) by denying their motion to quash and motions to stay the execution sale; 3) by making oral findings of fact and conclusions of law regarding alleged fraudulent conveyances by plaintiffs; 4) by denying partial satisfaction of judgment to be entered against the revival of judgment; and 5) by severing some pleadings from the execution proceedings and transferring them to a new cause of action with altered dates of filing while retaining the temporary restraining order in the execution proceeding.

New Rule 92.02, effective January 1, 1981, and, thus, in effect at the time of this proceeding, requires in subpart (b) that a temporary restraining order may only be granted without notice if an affidavit or verified complaint shows that immediate injury will result and that applicant's attorney has certified his efforts to give notice. It also requires that the temporary restraining order be indorsed with the date and hour of issuance and be filed and recorded. The new rule does not contain the explicit language of former Rule 92.01 requiring a petition setting forth the cause of action and requiring the temporary restraining order to be in writing. However, these requirements are implicit in the new rule and are expressly stated in Sec. 526.040, RSMo 1978.

Defendants cite to and rely on Sec. 400.8–317(2) RSMo 1978 which states that "a creditor whose debtor is the owner of a security shall be entitled to aid from courts of appropriate jurisdiction, by *injunction* or otherwise. . . ." (Emphasis supplied). This section does not abrogate the requirements of Rule 92 and Sec. 526.040, RSMo 1978 noted above.

Defendants were not presented with an affidavit or with a verified complaint. The temporary restraining order was never reduced to a writing that could be filed and recorded.[2]

There is some confusion at all stages of this case, including the original hearings and the proceedings for a writ of prohibition, regarding the genesis of the tempo-

---

1. At the time of his oral and handwritten request for a temporary restraining order, counsel asked for leave to amend his pleadings seeking that relief at a later time. The court granted leave to amend.

2. The oral temporary restraining order appears in the transcript.

rary restraining order. Counsel evidently intended, and properly so, to initiate a separate cause of action for injunctive relief.[3] The trial court believed the issuance of the temporary restraining order was to aid execution. Indeed, the temporary restraining order was sought to protect the assets which had been levied and, thus, it was sought in aid of the execution. But, the procedures enunciated in Rule 92 and Sec. 526.040, RSMo 1978 for enlisting the remedy as an aid to execution must be followed. Those procedures require separate pleadings seeking injunctive relief. And, although counsel filed a separate petition, he did not comply with the procedural requirements of the rule and statute.

With respect to the remaining allegations that the defendants acted in excess of their jurisdiction, these matters are not in a posture to be handled in this writ proceeding. Notices of appeal have been filed pertaining to these issues.[4] Because the issues can be handled by direct appeal, the remedy of prohibition is not appropriate. See *State ex rel. Speer v. Grimm*, 599 S.W.2d 67, 69[3] (Mo.App.1980).

The preliminary order in prohibition is made absolute with respect to the temporary restraining order only. As to all other issues, the preliminary order in prohibition is hereby quashed.

STEPHEN, P. J. and STEWART, J., concur.

---

**3.** An action for injunctive relief has three stages: 1) a restraining order granted with or without notice and hearing, 2) a temporary injunction granted after notice and hearing, and 3) a permanent injunction granted after pleadings and evidence. *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 12[1] (Mo. App.1966).

**4.** This court does not address the question of whether or not the notices of appeal were properly filed.