**CARONDELET SAVINGS AND LOAN ASSOCIATION, Plaintiff-Respondent,**

v.

**Roy T. BOYER and Boyer Building Company, Inc., Defendants-Appellants,**

and

**Donna Boyer, Intervenor-Appellant.**

**Nos. 44873, 44422.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

---

David M. Duree, Leritz & Reinert, St. Louis, for defendants-appellants.

John L. Davidson, Klamen & Dana, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Roy Boyer, Donna Boyer, and Boyer Building Company appeal from the orders of the trial court refusing to quash an execution or stay an execution sale. The execution was against shares of stock of Boyer Building owned by Roy Boyer. The court delineated the orders final and appealable. The orders are appealable. *In re Marriage of Haggard,* 585 S.W.2d 480 (Mo. banc 1979) [1]; *Thummel v. Thummel,* 609 S.W.2d 175, 177 n. 1 (Mo.App.1980).

The underlying judgment upon which the execution was based was for $160,000 and was affirmed by this court in *Carondelet Savings and Loan Ass'n. v. Boyer,* 595 S.W.2d 744 (Mo.App.1980). *See also, Boyer v. Anderson,* 621 S.W.2d 72 (Mo.App.1981). Carondelet asserts that the appeal should be dismissed because none of the appealing parties have standing to appeal. As to Donna Boyer the motion is well taken.

■ Donna Boyer sought to intervene in the execution proceeding on the basis that the stock was entireties property in which she had an interest. The court denied her motion to intervene. Although her notice of appeal challenged the denial of her motion to intervene, no mention of that issue has been made in appellants' brief. The

matter has been abandoned. *Smith v. Welch,* 611 S.W.2d 398 (Mo.App.1981) [1–3]. The correctness of the trial court's action in denying intervention is presumed. Because of the court's action in denying her motion Donna Boyer was not a party to the case below. She is therefore not an aggrieved party and has no right to appeal. Sec. 512.020 RSMo.1978. She has no standing. *Schumacher v. Schumacher,* 223 S.W.2d 841 (Mo.App.1949) [16].

■ Boyer Building Company filed no motions to quash or stay. It was, however, the garnishee and as such a party to the execution proceeding.[1] The evidence of Roy Boyer at the hearing was that he sold his stock to Donna the day before the hearing, but after commencement of the execution proceedings. Carondelet contends this destroys his interest in the outcome of the proceeding rendering him no longer an aggrieved party. The cases relied upon by Carondelet involve transfers of interest prior to the commencement of the litigation. Section 507.100.3 RSMo.1978 provides that where the interest has been transferred during the pendency of the litigation the litigation may be continued by or against the original party. *Neevel v. McDermand,* 220 Mo.App. 812, 278 S.W. 818 (1926) [4]. We find Roy Boyer has standing to appeal.

■ Roy Boyer's first contention seeking reversal is that the trial court erred in refusing to quash the execution because the stock certificate was not properly seized by the sheriff. The seizure was effectuated by service of written notice upon Donna Boyer, corporate secretary of Boyer Building. Rule 76.06(f) provides for levy of a share of stock by actual seizure unless the security is in the possession of issuer in which case written notice of the levy to the issuer is sufficient. Sec. 400.8–317(1) RSMo.1978, is similar but appears to limit seizure at the

source to those circumstances where the security has been "surrendered to the issuer." Rule 76.06(f) is procedural and takes precedence over the statute. Mo. Const. Art. V, Sec. 5; Rule 41.02. Here the evidence would support a finding that the certificate was never delivered to Roy Boyer and was at all times in the records of the issuer. That those records may have been in the hands of the attorney of the corporation rather than in the hands of the corporate secretary is of no consequence. The trial court found "constructive possession" in the secretary. That is not strictly correct. The records, including the certificate, were in the actual possession of the corporation through one of its agents and service of notice of levy upon another agent of the corporation was sufficient under the Rule. We find no invalidity in the levy.

■ Boyer complains of error in allowing Carondelet to question him about "irrelevant collateral acts of misconduct." His brief does not identify specifically these questions nor explicate the prejudice generated thereby. The objection raised to these questions on appeal is not the same as those raised at trial. The matter has not been preserved for review.

■ In a series of points Boyer challenges oral findings of fact[2] made by the trial court respecting fraudulent conveyances by Boyer. These attacks are apparently generated by a fear that Carondelet is now utilizing or will utilize these findings in other litigation as facts to which Boyer is bound by doctrines of res judicata or collateral estoppel. Carondelet's petition charging fraudulent conveyances and seeking injunctive relief was not filed until after the hearing on the motion to quash the execution. The challenged findings of fact and conclusions of law were made during that

---

1. In view of our decision on the merits of the case, we find it unnecessary to determine whether Boyer Building had sufficient interest in the subject matter of the execution to be an "aggrieved" party.

2. In the order certifying the matters before us as appealable, the trial court also certified "the Findings of Fact and Conclusions of Law found

by the Court and dictated into the Record at the hearing of May 7, 1981, regarding Carondelet's claims of fraudulent conveyances made by Roy T. Boyer, Donna Boyer and Boyer Building Co., Inc., are all hereby designated as final and appealable Orders and Judgments pursuant to Supreme Court Rule 81.06."

 

hearing. The allegedly fraudulent conveyances were totally extraneous to the validity of the execution, the only issue before the court. The court's "findings" concerning fraudulent conveyances were unresponsive to any issue then before it, were made without evidentiary hearing on the subject to which they were directed, and purported to pass on the legal rights of a non-party (Donna). They were at best volunteered expressions of opinion on a subject not before the court. They were not judicial findings and can form no basis for collateral estoppel or res judicata. We find it unnecessary, therefore, to review these "findings" as they are a nullity and immaterial to the judgment now before us.

Motion to dismiss appeal of Donna Boyer is granted. Orders denying motion to quash execution and to stay execution sale are affirmed.

SATZ and PUDLOWSKI, JJ., concur.