**AUTUMN RIDGE HOMEOWNERS ASSOCIATION, INC.,**
Appellant,

v.

**Frank Joseph OCCHIPINTO, Jr., et al., Respondents.**

No. WD 71122.

Missouri Court of Appeals,
Western District.

June 8, 2010.

Rod Hoffman, Kansas City, MO, for appellant.

Jeffrey S. Eastman, Gladstone, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and ALOK AHUJA, JJ.

JAMES M. SMART, JR., Judge.

The Autumn Ridge Homeowners Association appeals the trial court's judgment in favor of Frank and Carmeline Occhipinto on its claim for past-due homeowner's dues, interest, and attorneys' fees. The Association contests the trial court's denial of its "motion to amend" to correct the language of the judgment. For the reasons set forth below, the appeal is dismissed because the issue raised is moot.

## Background

On August 5, 2008, Autumn Ridge Homeowners Association, Inc., ("the Association") filed its petition seeking a money judgment against Frank and Carmeline Occhipinto. The Association averred that it was authorized under the "Declaration of Covenants, Conditions, and Restrictions" of the homeowners' association for Autumn Ridge Subdivision to implement and collect assessments and fees from homeowners in that subdivision. The Association alleged that the Occhipintos were the owners of Lot 149, Autumn Ridge—.Fourth Plat, located within the subdivision, and were liable for their share of the assessments and fees due. It further alleged

1. The Occhipintos were not required by Associate Division procedures to file an answer.

that as of April 17, 2008, the Occhipintos owed $2,179.30 in past-due homeowners' dues, interest, and attorneys' fees. The petition stated that the Association was "entitled to" a lien against the property. The Association prayed for judgment against the Occhipintos for the amount owed. Because the petition was filed in the Associate Division, the Occhipintos did not file an answer.[1]

On May 5, 2009, at a bench trial, the Association presented testimony from the property manager for the Autumn Ridge subdivision and introduced several exhibits into evidence. Those exhibits showed that the Occhipintos' property was situated within the Fourth Plat. The Occhipintos' attorney pointed out, however, that the exhibits did not show that the Fourth Plat was encumbered by the Association's Declaration of Covenants and Restrictions.

After conferring with his witness, counsel for the Association moved for permission to dismiss the case without prejudice. The court denied the request to allow a dismissal without prejudice. Counsel proceeded. The Occhipintos again objected that "there's nothing to establish that this property is encumbered by the declarations, covenants and any assessments that may be levied as a consequence thereof." Upon inquiry by the court, counsel for the Association conceded that he could not establish that the Occhipintos' property was encumbered by the Declaration's restrictions.

The Occhipintos did not present any evidence. The court ruled in favor of the Occhipintos at the conclusion of trial. Neither party requested findings of fact and conclusions of law. The court's Judgment of May 7, 2009, included the following findings:

The allegations in the petition were deemed denied. See section 517.031.2.

1. Plaintiff Autumn Ridge Homeowners Association, Inc., is a Missouri non-for-profit corporation in good standing.

2. Pursuant to Plaintiff's Declaration of Covenants, Conditions and Restrictions it performs various duties including implementing and assessing and collecting fees and other obligations from homeowners within its jurisdiction.

3. Defendant Frank and Carmeline Occhipinto are owners of real property legally described as all of Lot 149, Autumn Ridge—Fourth Plat, a subdivision in Kansas City, Platte County, Missouri.

4. **Defendant's real property, Lot 149, Autumn Ridge—Fourth Plat, is situate beyond the authority and jurisdiction of Plaintiff and its Declarations of Covenants, Conditions and Restrictions and is thus not encumbered by the same.**

5. **Any assessment of fees, dues, costs or other obligations by Plaintiff against the real property legally described as Lot 149, Autumn Ridge— Fourth Plat is void and of no effect.**

6. Defendants Frank and Carmeline Occhipinto have no personal obligation for any fees, dues, costs or other obligations sought by Plaintiff.

(Emphasis added.) The judgment also denied the Association any lien against the property.[2]

The Association filed a "motion to amend the judgment," in which it sought to strike paragraphs 4 and 5. The Association attached a copy of the "Declaration of Annexation" that it failed to present at trial, purportedly showing that the Fourth Plat was subject to encumbrance by the Association's Declarations.

At a hearing on the motion, the Association first argued that paragraphs 4 and 5 should be stricken because they contradict the public record. The Association attempted to present a copy of the Fourth Plat annexation document (evidently to show that the Fourth Plat *was* encumbered by the Association's Declaration of Restrictions). The Occhipintos objected on the basis that it was not admitted at trial. The trial court declined to admit the document. The Association also argued that the paragraphs went beyond the pleadings because the Occhipintos sought no affirmative relief at trial, such as an action to quiet title or to remove a lien. The Association's final argument was that the language had the effect of "excluding Lot 149 from the operations of the homes association," to the disadvantage to a successor purchaser, in that it

> creates a potential cloud on their title, because those owners want, most likely, the benefits of the homes association, the amenities ... as well as the benefits of the restrictive covenants[.]

The court denied the motion to amend on the basis that there was no evidence presented at trial to the effect that Lot 149 was included in the land bound by the declarations.[3]

The Association appeals.

---

**2.** The petition had alleged in Paragraph 11 that: "[The Association] has complied with all forms of law and is entitled to a lien on and against said property," referring to Lot 149, Autumn Ridge—Fourth Plat.

**3.** We gather from the record that it was not clear to the trial court at that time that the motion sought merely to modify the judgment to eliminate the specific finding that Lot 149 was not encumbered by the Association's declarations, as opposed to a finding that the Association simply *had not proven* such encumbrance.

## Standard of Review

A trial court "is vested with considerable discretion in ruling on a motion to amend judgment[.]" *Am. Fam. Mut. Ins. Co. v. Mo. Dep't of Ins.*, 169 S.W.3d 905, 914 (Mo.App.2005). We will not reverse the denial of a motion to amend judgment absent an abuse of that discretion. *Id.*

## Discussion

The Association argues on appeal that the court erred in its judgment and in denying the motion to amend the judgment to strike paragraphs 4 and 5. The Association complains that the court's "voluntary" findings in those paragraphs are "gratuitous only," in that neither party requested findings of fact or conclusions or law. The Association also contends that the two paragraphs are unsupported by the evidence and provide relief to the respondents beyond the scope of the pleadings or any evidence presented at trial. *See, e.g., Brock v. Blackwood*, 143 S.W.3d 47 (Mo.App.2004) ("[A] trial court cannot enter a judgment on a cause of action not pleaded."). For these reasons, the Association concludes, "paragraphs 4 and 5 . . . must be reversed or stricken from the judgment." The Association asks this court to remand to the trial court with instructions to amend the judgment to strike the paragraphs.

The Association's underlying concern is that the language in paragraphs 4 and 5 will have a preclusive effect so as to exclude Lot 149 (and perhaps, the Association fears, other homes in the Fourth Plat) from the jurisdiction of the homes association. The Association contends that this could potentially create confusion and disadvantage the property owner, or any successor purchaser of the property, by creating a potential cloud on their title and by excluding them from the benefits and amenities of the homes association and the restrictive covenants.

## Threshold Question: Mootness

The Association concedes in its brief that it failed to establish that it was entitled to recover homes association dues from the defendants. The Association does not argue that the court erred in finding for the Occhipintos on its claim for unpaid past-due fees. The Association's sole claim of error relates to the trial court's "gratuitous" inclusion of paragraphs 4 and 5 in the judgment and its refusal to modify or correct the judgment as to that language.

As a threshold matter, the facts here raise the question of whether the Association is entitled to appeal incidental language in a judgment when not appealing the actual outcome of the case. In other words, can one appeal the court's incidental findings when not appealing the judgment itself? The answer, generally, is that one cannot:

> A finding of fact precedes judgment and constitutes an opinion for the ground of judgment, but it is not a final determination of the rights of the litigants in the subject matter of the action. Only a judgment is that[.] The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree.

*In re Marriage of Clark*, 3 S.W.3d 402, 404 n. 1 (Mo.App.1999) (citations omitted). When there is confusion arising out of the superfluous wording of a judgment, resort may be had to the record to determine the true mandate of the judgment. When the mandate is discernible, an appeal of the judgment will generally be unnecessary.

With that principle in mind, we must consider the issue of mootness. "The mootness of a controversy is a threshold

question. in any appellate review of that controversy." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App.1998). "With regard to justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy." *Id.* "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 545 n. 3 (Mo.App. 1999). "We do not decide questions of law disconnected from the granting of actual relief." [4] *Chastain*, 968 S.W.2d at 237.

■ Paragraphs 4 and 5 could be considered surplusage. "A conclusion that exceeds the determination required to dispose of a claim is considered gratuitous surplusage." *Craft v. Philip Morris Cos.*, 190 S.W.3d 368, 377 (Mo.App.2005). Various cases say that irrelevant, superfluous, or overly broad incidental findings do not require reversal if the judgment is otherwise supported by the evidence. *See, e.g., Land Clearance for Redevelopment Auth. of City of St. Louis v. Zitko*, 386 S.W.2d 69, 82 (Mo.1964); *State ex rel. City of Lee's Summit v. City of Lake Lotawana*, 220 S.W.3d 794, 809 (Mo.App.2007).

■ In this case, the *sole* issue on appeal is the inclusion of language that the Association says is surplusage. Generally, findings that are mere surplusage "do[ ] not present an issue for review by this court." *See Engeman v. Engeman*, 123 S.W.3d 227, 241 (Mo.App.2003). "On appeal, points of error relating to separable,

excess legal conclusions are moot." *Craft*, 190 S.W.3d at 378. "They do not present an issue for appellate review because any opinion addressing surplus conclusions would be merely advisory." *Id.* (citations omitted). We do not render advisory opinions or decide nonexistent issues. *Id.*; *In re Estate of Looney*, 975 S.W.2d 508, 519 (Mo.App.1998). Here, *only* the "surplusage" is being appealed. In the absence of any actual controversy, an appeal is moot and should be dismissed. *See Chastain*, 968 S.W.2d at 237.

■ Generally, if comments are superfluous, the matter is moot because there is no collaterally preclusive effect to the judgment; if they are not superfluous, then they are part-and-parcel of the issue properly decided by the court, and the language cannot be *separately* appealed without appealing the judgment. Either way, the appeal is subject to dismissal.[5]

■ Here, we recognize that the comments included in paragraphs 4 and 5 of the judgment were effective, for purposes of *res judicata*, to bar any further attempt at proceeding against the Occhipintos for the recovery sought in the Association's petition. At the same time, the broad comments can have no *collaterally* preclusive effect as to the status of the property itself because *the record* shows that neither party affirmatively *proved* anything about declarations and covenants that might be affecting the property in question. The Association's claims in this case simply failed for lack of proof. While the

4. Under a narrow "public interest" exception, "a court has discretion to review a moot case when the case presents an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction." *Chastain*, 968 S.W.2d at 237. That exception does not apply here.

5. A related principle is that an appealing party must be aggrieved by the matter being

appealed. In *Carondelet Savings & Loan Association v. Boyer*, 645 S.W.2d 24, 27 (Mo. App.1982), the reviewing court was asked to rule on findings of fact that "purported to pass on the legal rights of a non-party." That court declined to review the findings, because the trial court's "volunteered expressions of opinion" could "form no basis for collateral estoppel or *res judicata*." *Id. See also* the discussion at *Wright v. Rankin*, 109 S.W.3d 696, 699 (Mo.App.2003), to a similar effect.

trial court's judgment could have been better stated had it avoided using language suggesting an affirmative finding that the property was not subject to the declarations, the fact remains that, in the event that any confusion ensues about the effect of the judgment, the trial record and transcript may be employed to clarify the actual determination of the trial court.

## Conclusion

The sole issue on appeal (whether the court should have modified the judgment in this case to more accurately express the actual factual findings) is moot. We dismiss the appeal.

All concur.