

# Missouri Court of Appeals

## Southern District

### Division Two

ROBERT AND DEBRA BULL, )
)
    Plaintiffs-Respondents, )
)
v. ) No. SD32738
) Filed: 7-9-14
ROBERT AND DEBRA HELLMANN, )
)
    Defendants-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Bruce E. Colyer, Associate Circuit Judge

### APPEAL DISMISSED

Robert and Debra Hellman (Appellants) challenge three superfluous and immaterial findings in a judgment entered against them. Because the inclusion of mere surplusage in a judgment presents no issue for us to review, this appeal is dismissed as moot.

This appeal arose out of an action for declaratory judgment and injunctive relief brought by Robert and Debra Bull (Respondents) against Appellants in the Circuit Court of Camden County, Missouri. Respondents' petition requested a declaratory judgment that Appellants had no right to interfere with the maintenance and use of the causeway, security gate and control systems located in the Grand Point Island Subdivision.

Respondents also sought injunctive relief to prevent Appellants "from interfering with the use, maintenance and repair of the 'Causeway,' any road located thereon, the existing gate, and all control facilities associated therewith and any replacements thereof." The trial court entered a judgment granting Respondents the declaratory and injunctive relief they requested.

Appellants filed a timely notice of appeal, but they do not challenge the trial court's judgment in any material respect. As stated in Appellants' opening brief:

> Appellants do not appeal the trial court's aforementioned declaration that Appellants "have to [sic] right to interfere with the maintenance and use of the Causeway, security gate and control systems located upon the roadways shown on the Plat of Grand Point Island Subdivision", nor do they appeal the Court's issuance of a permanent injunction enjoining them from "interfering with the use of [sic] maintenance and repair of the Causeway, any road located thereon, the existing gate and all control facilities associated therewith."

Instead, Appellants only complain about three findings in the judgment that they concede are "superfluous and immaterial to the [trial] court's issuance of the declaratory judgment and permanent injunction relating to the use and maintenance of the causeway, security gate, road and control facilities …."

In Respondents' brief, they argue that the appeal should be dismissed. We agree because a party generally cannot appeal a trial court's incidental findings when not appealing the actual outcome of the case. *See Autumn Ridge Homeowners Ass'n, Inc. v. Occhipinto*, 311 S.W.3d 415, 419-20 (Mo. App. 2010). As the western district of this Court explained in *Autumn Ridge*:

> In this case, the *sole* issue on appeal is the inclusion of language that the Association says is surplusage. Generally, findings that are mere surplusage do not present an issue for review by this court. On appeal, points of error relating to separable, excess legal conclusions are moot. They do not present an issue for appellate review because any opinion

addressing surplus conclusions would be merely advisory. We do not render advisory opinions or decide nonexistent issues. Here, *only* the surplusage is being appealed. In the absence of any actual controversy, an appeal is moot and should be dismissed. Generally, if comments are superfluous, the matter is moot because there is no collaterally preclusive effect to the judgment; if they are not superfluous, then they are part-and-parcel of the issue properly decided by the court, and the language cannot be *separately* appealed without appealing the judgment. Either way, the appeal is subject to dismissal.

*Id*. at 420 (italics in original; citations and quotation marks omitted).

This appeal is dismissed as moot.


JEFFREY W. BATES, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

DON E. BURRELL, J. – CONCUR